CHESTER L. WILLIAMS, joined by his wife, PAULA R. WILLIAMS, et al., v. MARY ALICE WILLIAMS, a widow and E. A. CURRY, as Executor of the Last Will and Testament of J. Mott Williams, Sr., deceased.

6 So. (2nd) 275 Division A
February 10, 1942

John C. Blocker and L. P. Hardee, for appellants; Booth & Dickenson, for appellees.

BUFORD, J.:

On appeal we review final declaratory decree construing the provisions of a certain trust agreement and a supplemental agreement made pursuant to the terms of the original agreement.

The trust agreement is as follows:

"This Indenture of Trust made this 29th day of February A. D. 1928, by and between J. Mott Williams, Sr., (Widower); Chester L. Williams, joined by his wife Paula R. Williams; King L. Williams, joined by his wife Jennie Williams, J. Mott Williams, Jr., joined by his wife Dora Elsie Williams; Frances Fay Prevatt, joined by her husband, Call Prevatt, parties of the first part, hereinafter designated Trustors; and the First National Bank of St. Petersburg, Florida, a national banking corporation, party of the second part, hereinafter designated Trustee.

"2. Whereas, Frances B. Williams did, upon the 7th day of December, A. D. 1927, depart this life intestate, leaving as survivors and sole heirs and distributees at law the following persons, to-wit: J. Mott Williams, Sr., husband; Chester L. Williams, son; King L. Williams, son; J. Mott Williams, Jr., son; Frances Fay Prevatt, daughter.

"3. Whereas, the aforesaid survivors, heirs and distributees at law of the said Frances B. Williams, deceased, desiring mutually to convey the property

hereinafter described to the said Trustee, for the purpose of unity of control of said property during the natural life of the said J. Mott Williams, Jr., and for other purposes herein set forth, Witnesseth:

"4. In Consideration of Ten Dollars ($10.00) and other valuable considerations, cash in hand paid to the Trustors by the Trustee herein, receipt of which is hereby acknowledged, the Trustors hereby jointly and severally grant, bargain, sell, alien, remise, release, convey, confirm, assign, endorse and set over the following property, real, personal and mixed, said property being in Pinellas County, Florida, more particularly described as follows:" . . .

Then follows description of property conveyed, after which the agreement continues: "and the said Trustors by these presents, jointly and severally, grant, bargain, sell, alien, remise, release, convey, confirm, assign, endorse and set over the aforesaid property and all their joint and/or several right, title, interest in and to any and all of the aforesaid property, whether same be as heirs and distributees at law or survivors of the said Frances B. Williams, deceased, or otherwise, to the Trustee in trust for such uses, purposes and benefits as are hereinafter described and enumerated.

"To Have and to Hold said property and every part or parcel thereof, with the hereditaments and appurtenances, unto the said Trustee, subject, however, to the conditions herein set forth.

"5. The said J. Mott Williams, Sr., is hereby nominated, authorized and designated the manager of all and every the aforesaid property, and he is hereby empowered to remain in free, complete and absolute pos-

session and control of all and every the aforesaid premises during his natural life, except as herein provided, to-wit:

"6. In the event the said J. Mott Williams, Sr., shall be incapacitated, for any reason whatsoever, and cannot well, truly and efficiently manage the aforesaid property, the fact of such incapacity shall be determined conclusively if a majority of said heirs and distributees so decide same; then in that event the said heirs of the said Frances B. Williams shall have the right to then appoint one of their number as manager to succeed the said J. Mott Williams, Sr., and a majority of said heirs must concur in such appointment, and such appointee shall have all the powers, privileges and benefits as the said J. Mott Williams, Sr.

""7. It is further provided that the said J. Mott Williams, Sr., shall incur no indebtedness or encumbrance wherein and whereby the aforesaid estate shall be bound in a sum greater than One Thousand Dollars ($1000.00), except upon the unanimous consent of the aforesaid heirs.

"8. The said J. Mott Williams, Sr., may instruct and authorize the Trustee at and for any time during the period that he is in active management as aforesaid, to convey, sell, assign, endorse, mortgage, release, exchange, liquidate, settle, invest and reinvest, compromise, lease and otherwise deal in the aforesaid estate, provided, however, the unanimous consent of the aforesaid heirs is given in writing, duly acknowledged. All and every the purchasers, mortgagors, assignees, parties assuming and making partial and/or complete payment on account of principal and interest of mortgages held by the Trustee and parties making payment

of dividends on account of stock, interest and principal on account of unsecured notes and payments of any other moneys to the Trustee are hereby relieved and released from any and all duty and obligation to look to the application of such moneys so paid in.

"9. Upon the decease of the said J. Mott Williams, Sr., the Trustee shall be authorized and empowered *ipso facto* to exercise all the powers, rights and duties enumerated in the preceding paragraph hereof, for the purpose of disposing of, or dividing said property in the manner and form directed by a majority of the said heirs and distributees then living, provided that in such distribution and division, said heirs and distributees shall share and share alike, and in the event any of said heirs and distributees shall pre-decease the said J. Mott Williams, Sr., then the heirs and distributees at law of such deceased heirs and distributees shall take *per stirpes* the part of such deceased heir and distributee or said heirs and distributees at the decease of the said J. Mott Williams, Sr., may continue and/or discharge said trust upon terms and conditions to be agreed upon, providing no disposition of the trust estate shall be made wherein and whereby the part that the heir and distributee or heirs and distributees of any of the heirs and distributees who may pre-decease the said J. Mott Williams, Sr., shall be impaired or ignored.

"10. The Trustee shall not be answerable for the default or misconduct of any agent, servant or attorney appointed by it in pursuance hereof, if such agent, servant or attorney shall have been selected with reasonable care, nor for anything whatsoever in connection with the trusts hereby created, except its own

wilful misconduct or negligence, and the said Trustee is hereby authorized to retain counsel and attorneys to prosceute and defend suits and actions to protect the trust property, but such duty shall not devolve upon the Trustee until proper assurance of disbursement of cost is made by the Trustors.

"11. The Trustors shall not dispose of any right, title, interests or benefit enjoyed hereunder, jointly and/or severally, during the natural life of the said J. Mott Williams, Sr.

"12. The said J. Mott Williams, Sr., during the period of active management, as aforesaid, of said estate and property, shall out of the income, proceeds and revenue derived from said property first pay all taxes, liens, interest and encumbrances as they may become due, together with the sum of $200.00 to be retained by himself as a monthly compensation for his services as such manager.

"13. The entire net income received or derived from the trust estate during the management of same by the said J. Mott Williams, Sr., or his successor, after the foregoing expenditures have been made, shall be divided and distributed equally to the following persons, to-wit: J. Mott Williams, Sr., Chester L. Williams, King L. Williams, J. Mott Williams, Jr., Frances Fay Prevatt; and in the event any of the persons named in this paragraph shall die before the termination of this trust, his or her share of said net income to be paid equally, share and share alike, to the then living lawful issue of such person so deceased, such distribution to be made upon the making of the report, as hereinafter provided. Said J. Mott Williams, Sr., and/or his successor shall render a semi-

annual report and account to the said heirs and dis-
tributees herein of all moneys received and disbursed,
the first semi-annual report to be made on the 1st day
of July, 1928, and semi-annually every six months
thereafter.

"14. The Trustors, by unanimous vote, may dis-
charge Trustee and Trustee may resign after notice of
thirty days, in writing, each to the other, and in the
event the Trustee is discharged or resigns, it is to
convey all and every of the trust estate herein to some
bank located in the City of St. Petersburg, Florida, to
be designated by the said heirs and distributees at law
of the said Frances B. Williams, deceased, subject to
the conditions of this trust.

"15. The Trustee shall be entitled to a seasonable
compensation for all services rendered by it in the exe-
cution of the trust estate created.

"16. This Trust Agreement shall be subject to such
revision or supplement as shall be mutually agreeable
to the Trustors or Trustee, and shall be revocable by
the mutual consent of the Trustors and Trustee.

"17. That whenever and wherever it becomes nec-
essary that the unanimous consent or the consent of
the majority of the said heirs and distributees of the
said Frances B. Williams, deceased, be obtained, such
consent shall be evidenced by an instrument in writing
duly signed and acknowledged by the said heirs and
distributees and filed with the Trustee and whomso-
ever dealing with the Trustee shall be relieved from
ascertaining whether such consent has been given in
the manner and form herein provided."

The supplemental agreement is as follows:

"This Supplemental Indenture of Trust made this 30th day of November, A. D. 1929 by and between J. Mott Williams, Sr., joined by his wife, Mary Alice Williams, Chester L. Williams, joined by his wife, Paula R. Williams, King L. Williams, joined by his wife, Jennie Williams, J. Mott Williams, Jr., joined by his wife, Dora Elsie Williams, Frances Fay Prevatt, joined by her husband Call Prevatt, parties of the first part, and hereinafter designated Trustors, and the First National Bank of St. Petersburg, Florida, a national banking corporation, party of the second part, hereinafter designated, Trustee.

"Whereas, all of the aforesaid Trustors and the said Trustee mutually agree that it would be to the best interest of all parties concerned and for the best interest and benefit of said Trust-Estate, hereinafter referred to, for the Trustee to take over and have the exclusive management and control of all and every the Trust state created in a certain deed of Trust executed on the 29th day of February, 1928, by and between the parties hereto, and recorded in the public records of Pinellas County, Florida, in Deed Book 560 on page 431 of same, on the 24th day of March, 1928, this supplemental agreement is hereby entered into by and between the parties hereto, as authorized and provided for in paragraph 16 of said deed of trust.

"Witnesseth: It is therefore agreed as follows: the said J. Mott Williams, Sr., hereby instructs and authorizes the Trustee to convey, sell, assign, endorse, mortgage, release, exchange, liquidate, invest and reinvest, compromise, lease, manage and control and otherwise deal in the said Trust Estate, and the Trustors, by the execution of this instrument, unani-

mously consent to the foregoing provisions, as provided for in paragraph 8 of said deed of trust.

"It is further agreed by and between the parties hereto that said Trustee shall pay to the said J. Mott Williams, Sr., for and during his natural life, the sum of $200.00 per month, to be paid out of the gross receipts accruing from said Trust Estate.

"It is further agreed by and between the parties hereto that any of the provisions and or conditions in the aforesaid deed of trust expressly and directly in conflict with any provision or condition of this instrument be, and the same are, hereby avoided and shall be of no effect, whatsoever. However, any remaining condition or provision in said deed of trust not in conflict with any condition or provision herein shall remain in full force and effect in all respects whatever.

"It is further agreed by and between the parties hereto that the Trustors have no power whatsoever to bind the said Trust Estate.

"In Witness Whereof, The parties hereto have hereunto set their hands and seal the day and year aforesaid."

Between the date of the execution of the original agreement and the date of the supplemental agreement J. Mott Williams Sr. remarried and thereafter J. Mott Williams Sr. died testate, having executed his Last Will and Testament in which he bequeathed all his property to his then wife Mary Alice Williams. Thereafter the surviving parties to the trust agreements claimed the entire property involved in the trust agreement. Then the widow of J. Mott Williams, Sr., interposed claim for an undivided one-fifth interest in the property. Thereupon, the bill of complaint was filed, with the result above stated.

It is admitted by all that at the time of the execution of the trust agreement the trustors were tenants in common of the property involved, they being the husband and four children of their intestate.

The heirs and distributees of Frances B. Williams, deceased, were J. Mott Williams, Sr., and the three sons and one daughter of the deceased. The word *heir* is "ordinarily used to designate those persons who answer the description at the death of the testator. In its strict and technical import it applies to the person or persons appointed by law to succeed to the estate in case of intestacy." Baldwin Century Edition of Bouvier's Law Dictionary.

The contention that the trust agreement passed the estate of J. Mott Williams, Sr., in the property to the other trustors is untenable. It only passed the legal title of the trustors, including that of J. Mott Williams, Sr., to the Trustee for specific purposes and each trustor retained his or her equitable interest in the estate.

It appears well settled that,

"A deed must take effect upon its execution if at all. It must pass a present interest to the grantee, though his right to enter into possession may be deferred to a future time. If the intention is manifest that the deed should not take immediate effect, but shall be operative only upon the grantor's death, it will never take effect at all unless it is executed with such formalities that it may be given effect as a testamentary disposition." (Thompson on Real Property, Vol. 4, page 947) and,

"A deed may be delivered to take effect upon the grantor's death. If a grantor delivers a deed to a third person absolutely as his deed, without reservation and

without intending to reserve any control over the instrument though this is not to be delivered to the grantee till the death of the grantor. . . ." (Thompson on Real Property Vol. 4, page 949.)

See also Axtell v. Coons, et al., 89 Fla. 158, 89 Sou. 419; Reid v. Barry, 93 Fla. 849, 112 Sou. 846.

It will also be noted that the parties reserved the right to terminate the trust as provided in Section 9 of the Trust Agreement quoted, supra. The trust was also revocable by mutual agreement and consent of the parties. It is to be noted, however, that a definite provision is made in Section 13 of the Trust Agreement concerning the disposition of the net income as distinguished from the disposition of corpus or principal of the estate, because there it is provided:

"The entire net income received or derived from the trust estate during the management of the same by the said J. Mott Williams, Sr., or his successor, after the foregoing expenditures have been made, shall be divided and distributed equally to the following persons, to-wit: J. Mott Williams, Sr., Chester L. Williams, King L. Williams, J. Mott Williams, Jr., Frances Fay Prevatt; and in the event any of the persons named in this paragraph shall die before the termination of this trust, his or her share of said net income to be paid equally, share and share alike, to the then living lawful issue of such person so deceased, such distribution to be made upon the making of the report, as hereinafter provided. Said J. Mott Williams, Sr., and/or his successor shall render a semi-annual report and account to the said heirs and distributees herein of all moneys received and disbursed, the first semi-annual report to be made on the 1st day of July, 1928, and semi-annually every six months thereafter."

So, it was provided that during the continuation of the trust after the death of J. Mott Williams, Sr., the one-fifth of the net income from the estate representing the one-fifth equitable interest in the corpus of the property theretofore held by J. Mott Williams, Sr., should go to the then *living lawful issue* of him the said J. Mott Williams, Sr. This, however, was a grant to take effect in the future and after the death of the grantor and so the execution of the Will in favor of the then living wife devising the corpus of the estate owned by the testator voided what might otherwise have been the effect of that provision of the trust agreement.

Our conclusion is that by Paragraph 9 of the Trust Agreement it was provided that after the death of J. Mott Williams, Sr., the Trustee was empowered to exercise the functions of the trusteeship and to divide or dispose of the corpus of the estate in such manner and form as might be directed by a *majority* of the surviving trustors and that no provision of the supplemental agreement affected this power in the Trustee.

It appears that the equitable interest and title of J. Mott Williams, Sr., viz., a one-fifth of the corpus of the equitable estate, in the property involved remained vested in him until the time of his death, when it went by devise to his widow.

Our further conclusion, however, is that sale and disposition of the property may be made by the Trustee upon the affirmative direction of a majority of the surviving trustors.

So the decree is reversed in part and affirmed in part and the cause remanded for the entry of a modified decree consistent with the views herein expressed.

So ordered.

BROWN, C. J., WHITFIELD, and ADAMS, JJ., concur.