352 So.2d 895 (1977)
William FLEMING, As Administrator of the Estate of Viola DeVaughn, Deceased, Appellant,
v.
Gene FLEMING, As Guardian of Viola DeVaughn, et al., Appellees.
William FLEMING, As Administrator of the Estate of Viola DeVaughn, Deceased,
v.
Charles H. DIAMOND and H.H. Stone, Appellees. William Fleming, As Administrator of the Estate of Viola DeVaughn, Deceased, Appellant,
v.
Norris FLEMING and Santa Rosa County Teachers' Federal Credit Union, Appellees.
William FLEMING, As Administrator of the Estate of Viola DeVaughn, Deceased, Appellant,
v.
Walter L. REED, Appellee.
William FLEMING, As Administrator of the Estate of Viola DeVaughn, Deceased, Appellant,
v.
Charles D. MUSE and Martha Muse, Appellees.
Nos. CC-7 to CC-11.
District Court of Appeal of Florida, First District.
November 21, 1977.
Rehearing Denied December 29, 1977.
*896 Guyte P. McCord, III and Cynthia S. Tunnicliff of Law Office of Sam Spector, P.A., Marion D. Lamb, Jr., and W.K. Whitfield, Tallahassee, for appellant.
Joe J. Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees Gene Fleming, Norris Fleming, and Muse.
John M. Davis of Fitzgerald & Davis, Milton, for appellees Diamond and Stone.
Earl L. Lewis, Milton, for appellee Reed.
*897 PER CURIAM.
In these actions appellant William Fleming, administrator of the estates of Harry and Viola DeVaughn, seeks to set aside four deeds executed by the DeVaughns before their deaths and contests appellee Gene Fleming's ownership of the contents of bank accounts held jointly by him and the DeVaughns. The administrator contends (1) three of the deeds were invalid because Mrs. DeVaughn was incompetent to execute them; (2) another DeVaughn deed to appellee Norris Fleming, executed also by appellee Gene Fleming as Mrs. DeVaughn's guardian, was invalid because he was not yet appointed her guardian; (3) all the deeds were ineffective because they were conditionally delivered, subject to return on demand by the DeVaughns; and (4) Gene Fleming's accession by right of survivorship to bank accounts owned by the DeVaughns should be set aside because he obtained his interest in the accounts through undue influence over the DeVaughns. The trial court ruled in favor of the grantees and Gene Fleming.
The DeVaughns, who were married 40 years but had no children, owned 280 acres of land near Jay and cash in several bank accounts. They wanted to convey this property before their deaths to avoid the need for wills and the necessity of probate. In January or February of 1972 the DeVaughns delivered a deed executed September 20, 1968, to their neighbor and close friend, Walter L. Reed. That deed conveyed 40 acres but reserved a life estate in the grantors. Reed was told not to record it until the death of one of the DeVaughns. At that time the DeVaughns also delivered to Reed three similar deeds conveying other parcels of land to Norris Fleming, Charles Muse, and Charles Diamond and H.H. Stone together. The DeVaughns instructed Reed to deliver those deeds to the named grantees when either of the DeVaughns died, unless they earlier requested him to return the deeds. In March of that year Mr. DeVaughn asked for those three deeds back. Mr. Reed returned them, but kept his own.
Mrs. DeVaughn was adjudicated incompetent on July 28, 1972. An examining committee of two psychiatrists and Mr. Muse reported they found Mrs. DeVaughn incompetent due to organic brain syndrome. The committee also found she suffered from psychosis, disorientation, confusion, and occasional agitation, all complicated by Paralysis Agitans, and was unable to attend to her affairs. County Judge Joe Dan Tortman, however, questioned Mrs. DeVaughn for about fifteen minutes during her hearing and found her physically but not mentally incompetent. No guardian was appointed at that time.
Between January and May 1973, the name of Gene Fleming, a nephew of the DeVaughns, was added to the signature cards of several checking and savings accounts held by the DeVaughns in amounts totaling about $30,000.00. In early June 1973, almost a year after Mrs. DeVaughn's adjudication of physical incompetency, the DeVaughns delivered to Norris Fleming the deed to him which had been retrieved from Mr. Reed. The deed contained an incorrect legal description of the 80 acre property, and a short time later the DeVaughns gave Norris Fleming a corrective deed. On July 16, 1973, the DeVaughns executed and delivered yet another deed to the same property, joined in by Gene Fleming in his capacity as guardian of Viola DeVaughn, to Norris Fleming. Gene Fleming was not appointed guardian of Mrs. DeVaughn until two days later.
Harry DeVaughn died August 30, 1973, survived by his wife. Shortly thereafter several deeds were recorded. Walter Reed recorded his deed on September 4, 1973. A week after Mr. DeVaughn's death, Mrs. J.P. Allen received in the mail a deed, executed by the DeVaughns August 24, 1966, conveying 40 acres to Mrs. Allen's daughter and son-in-law, Martha and Charles Muse. Mrs. Allen recorded that deed on September 7, 1973, and gave it to the Muses. No evidence introduced at trial showed who mailed the deed to Mrs. Allen. Charles Diamond and his wife similarly received a deed executed by the DeVaughns April 18, *898 1968, conveying some 40 acres to them and H.H. Stone, and they recorded it November 14, 1973.
Mrs. DeVaughn died June 24, 1974. Appellant then sued Gene Fleming and the deed grantees, alleging Gene had mismanaged the guardianship assets, breached his fiduciary duties and acquired his interest in the bank accounts through undue influence, and seeking to set aside the Norris Fleming, Reed, Muse, and Diamond and Stone deeds. The trial court found that, although Gene occupied a confidential relationship with Viola DeVaughn, the evidence negated any claim of undue influence. The judge found the overwhelming weight of testimony showed Mrs. DeVaughn had been mentally, if not physically, competent to handle her affairs when the conveyances were made. He also found the deeds were effectively delivered.

Viola DeVaughn's competency; Gene Fleming's influence.
An adjudication of either physical or mental incompetency as defined by Section 744.31, Florida Statutes (1973) carried a presumption that the incompetent is not capable of managing his property. But the presumption is not conclusive; it may be overcome by proof that the person is in fact capable at the time of any transaction. Horace v. Culver, 111 So.2d 670 (Fla. 1959); White v. Padgett, 475 F.2d 79 (5th Cir.1973), cert. den., 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112 (1973). Here, the trial court found the evidence showed Mrs. DeVaughn was competent at all material times to manage her property despite the adjudication of physical incompetency. We cannot disturb this finding unless the evidence shows it is clearly erroneous. Waterman v. Higgins, 28 Fla. 660, 10 So. 97 (1891).
In Waterman the Supreme Court was concerned with Waterman's mental condition at the time he executed a deed to his wife. Upon reviewing abundant evidence showing Waterman was entirely incompetent, the court observed no question existed that Waterman was an old man, feeble and, at his death three months later, was wholly incapacitated to transact business. In affirming the trial court's decision sustaining the deed, the Court specifically noted that Waterman sent for an attorney and gave instructions about preparing the deed. The attorney testified that he perceived nothing to indicate that Waterman lacked mental capacity.
Here, after reviewing extensive testimony, the trial court found that Viola DeVaughn was mentally competent to make the bank transfers and to execute and deliver the challenged deeds. The court found also that, although Gene Fleming had a confidential relationship with Viola DeVaughn, the evidence negated any inference of undue influence. This record reflects substantial competent evidence to support the trial court's resolution of the factual questions. Travis v. Travis, 81 Fla. 309, 87 So. 762 (1921).
These factual conclusions also establish the validity of the July 16, 1973 deed to Norris Fleming. Gene Fleming's signature on the deed is immaterial because Mrs. DeVaughn was competent to execute a deed on that date.

Delivery of the deeds.
The DeVaughn deeds to appellees Muse, Diamond and Stone were valid. Those deeds were delivered conditionally to Reed, as were others, with instructions that he deliver them to the grantees upon the death of either of the DeVaughns, unless Reed was sooner requested by the DeVaughns to return the deeds. If without further incident one of the DeVaughns had died and Reed had then sought to complete the transactions by delivering the deeds still in his hands, the conveyances would be invalid because the grantors did not relinquish control of them by delivery to Reed, their agent. Pratt v. Carns, 80 Fla. 243, 85 So. 681 (1920); Williams v. Williams, 149 Fla. 454, 6 So.2d 275 (1942); Brown v. Hutch, 156 So.2d 683 (Fla. 2d DCA 1963), cert. den., 162 So.2d 665 (Fla. 1964). But in this case the DeVaughns' conditional delivery of the deeds to Reed was itself avoided by the DeVaughns' action, during both *899 their lives, in taking back the deeds from Reed. The conditional delivery to Reed therefore did not destroy the efficacy of the deeds or make unconditional delivery of the same deeds thereafter impossible.
After the death of Mr. DeVaughn, but during the lifetime of Mrs. DeVaughn, the deeds were delivered to the grantees. The trial court has found as a fact that Mrs. DeVaughn was competent when the deeds were delivered. Appellant has not overcome that finding. On the evidence so viewed, we must conclude it was Mrs. DeVaughn who delivered the deeds or caused them to be delivered, acting intelligently in accordance with the plans she and her husband made and adhered to over the preceding years. Appellant has suggested no reason in law why the deeds so delivered should not be given effect, as the trial court has done. Mrs. DeVaughn was the heir of her deceased husband, Section 731.23, Florida Statutes (1973), so if there was any impediment to the delivery after Mr. DeVaughn's death of a deed of which he was grantor, his joinder in the deed may be disregarded and Mrs. DeVaughn's conveyance may be recognized.
The trial judge properly concluded the DeVaughn deed to appellee Reed was valid when delivered to Reed in January or February 1972. Although the evidence showed delivery of the deed was conditional since it was subject to recall, parol evidence is not competent to prove conditions not shown on the face of a deed delivered to the grantee. "[W]here delivery is made to the grantee ... delivery is said to be absolute and the conditions annexed to the delivery are ineffective." 1 R. Boyer, Florida Real Estate Transactions § 9.04[5][d] at 155 (1976); Haworth v. Norris, 28 Fla. 763, 10 So. 18 (1891).
The judgments are AFFIRMED.
RAWLS, Acting C.J., and SMITH and ERVIN, JJ., concur.