358 So.2d 1096 (1978)
DEPARTMENT OF REVENUE OF FLORIDA, an Agency of the State of Florida, et al., Appellants,
v.
YOUNG AMERICAN BUILDERS, a Florida Corporation, Appellee.
No. GG-152.
District Court of Appeal of Florida, First District.
April 12, 1978.
Rehearing Denied June 2, 1978.
*1097 Robert L. Shevin, Atty. Gen., Zollie M. Maynard, Jr., Asst. Atty. Gen., for appellant.
Leonard E. Ireland, Jr., of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Godd, Gainesville, for appellee.
BOYER, Judge.
Appellant, Department of Revenue, seeks reversal of a summary final judgment by which the trial court held void and unenforceable Rule 12A-4.13(22), Florida Administrative Code. That rule provides as follows:
"(22) Joint Venture Contracts, Package Deals: Where corporations engaged in business of land development for residential purposes conduct their operations in conjunction with sister corporations (or even same corporation) engaged in building homes, and one individual is controlling shareholder and principal officer of all corporations tax is required on the deeds based upon the total price that home purchaser pays for house and lot and not limited to portion of consideration attributable to the lot. The tax attaches at the time the deed or other instrument of conveyance is delivered, irrespective of the time the sale is made or the instrument is recorded. The critical factor is the intention of the parties."
The trial judge held that the rule exceeds the limits established by F.S. 201.02 and 201.021. F.S. 201.02, so far as is material here, provides:
"On deeds, instruments, or writings whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, on each one hundred dollars of the consideration therefore the tax shall be thirty cents. * * *"
F.S. 201.021 provides in material part:
"A documentary surtax, in addition to the tax levied in § 201.02, is levied on those documents taxed by § 201.02 at the rate of fifty-five cents per five hundred dollars of the consideration paid; provided, that when real estate is sold, the consideration, for purposes of this tax, shall not include amounts of existing mortgages on the real estate sold. * *"
In the summary final judgment here appealed the trial judge stated, inter alia:
"3. Florida Statutes, Sections 201.01, 201.02 and 201.021, relating to imposition of a documentary stamp tax, surtax and penalty, are limited to the production of revenue by a tax placed on recordable instruments relating to the conveyance of any lands, tenements, or other realty, or any interest therein.

*1098 "4. The amount of the tax properly assessed may be based only on the consideration paid, limited to that consideration paid for the lands, tenements, or other realty, or any interest therein.
"5. This amount includes the consideration paid for the land and any improvements thereon at the time of the conveyance, but does not include improvements which are not a part of the realty at the time of the conveyance.
"6. By Rule 12A-4.13(22), the Department of Revenue purports to require the imposition of a documentary stamp tax and surtax in some real estate transactions, including in the basis upon which the tax is based, the value of the land plus the value of improvements to be constructed thereon at a future date.
"7. Rule 12A-4.13(22) exceeds the limitations stated in Florida Statutes, Sections 201.02 and 201.021, and results in depriving the Plaintiff of its property through imposition of a tax outside the statutory authority for such tax.
"8. Rule 12A-4.13(22) is an abuse of delegated power and is therefore void.
* * * * * *
"It is upon consideration thereof ORDERED AND ADJUDGED as follows:
* * * * * *
"3. Plaintiff's Motion for Final Summary Judgment is granted on the grounds that Rule 12A-4.13(22) exceeds the limitations set by Florida Statutes, Sections 201.02 and 201.021 by imposing a tax on instruments effecting the conveyance of real property and including in the amount of consideration therefor the value of improvements to be constructed on the land at a later time. Florida Statutes, Sections 201.02 and 201.021 limit the amount of consideration upon which the tax is based to the consideration for the land and improvements existing at the time of conveyance, and the promulgation of this rule exceeding this statutory limitation constitutes an abuse of the power delegated to the Department of Revenue.
"4. Rule 12A-4.13(22) is void and unenforceable because its provisions impermissibly exceed the limits established by Florida Statutes, Sections 201.02 and 201.021. * * *"
Appellee, plaintiff in the trial court, is a corporation which is engaged in the business of land sales and construction of residential homes. In some instances it sells lots to a purchaser and then contracts to construct a home on that lot. In other instances it sells the lot and does not construct a home upon it, or agrees to construct a home on a lot that the owner has acquired from a third party. In each instance documentary stamps are affixed to the deed based upon the value or consideration paid for the lot. Oftentimes both the lot and the construction are financed via a single transaction and therefore a single mortgage. Upon discovering the existence of recorded mortgages containing the descriptions of lots, the deed of conveyance of which revealed stamps indicating a lesser consideration than the amount of the note secured by the mortgage, the Department issued proposed notices of assessment; whereupon the corporation filed suit challenging the validity of the subject rule. (Rule 12A-4.13(22))
The Department relies upon Raccoon Development, Inc. v. United States, 391 F.2d 610, 183 Ct.Cl. 276 (1968) which involved the construction and application of 26 U.S.C.A. Section 4361, a Federal Statute similar to F.S. 201.021. Whether we would be inclined to apply a decision of the United States Court of Claims construing a Federal Taxing Statute to an act passed by the legislature of the State of Florida we need not now determine; but, in any event, the Raccaon case is not authority for imposition of the broad ambit sought by the Department via the challenged rule. The facts of the Raccaon case reveal that the seller of the lots sold only in conjunction with the sale of a pre-fabricated house constructed on the lot. The theme of the development company's advertising was directed to the sale of a house and a lot for a single total price. All interested home buyers believed that they were making a single purchase consisting of a house and a lot. Although the deed to the lot was executed and recorded *1099 simultaneously with the mortgage the deed was returned after recording to the seller and was not delivered to the purchaser until after the improvements were completed on the lot. The parties stipulated in that case that if, after the seller executed a deed, the purchaser decided not to go through with the proposed home purchase, he was obliged to execute a Quit-Claim Deed on the lot involved. Accordingly, it was impossible to acquire any of the lots except in conjunction with the purchase of a completed pre-fabricated house erected on the lot and sold by the seller of the lot or one of its affiliates. It is clear therefore that upon application of Florida real property law to the facts of the Raccaon case title did not pass until after construction on the lot had been completed and that the consideration paid by the purchaser was for the improved lot. Under those circumstances the laws of Florida impose the documentary stamp tax upon the entire consideration paid for the lot and improvements. However, those are not the facts envisioned by the drafters of the challenged rule, as reflected by the clear verbiage thereof.
Simply stated, in seeking to apply the subject rule, the Department contends that if a purchaser undertakes to acquire Blackacre from a seller and simultaneously negotiates a contract for placing improvements on Blackacre by a contractor unrelated to the seller while arranging for financing for the acquisition and construction, the tax due upon completing the transaction, whether that event takes place before or after completion of the improvements, is computed on the consideration for the unimproved Blackacre. On the otherhand, the Department contends, if the seller and contractor are one and the same, or related, then the tax is computed on the consideration for Blackacre and the improvements thereon. Further, the Department contends that if the seller and contractor are related and the sale takes place prior to construction then the tax is computed on the consideration paid for Blackacre plus the consideration anticipated to be paid for the improvements. We can find no authority in the Statute for imposition of a tax based upon an intention or anticipation. Even were the Statutes subject to such an interpretation that construction would be of dubious constitutional validity. Certainly it would be illogical and unfair.
As the Supreme Court of Florida has stated in Mass Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla. 1967):
"In the same vein, it might be added that the marking and branding of the instruments to be taxed is a legislative function. The judicial function is to inspect disputed brands and to separate the taxable from the non-taxable, and if the instruments such as the one we are here concerned with are unbranded mavericks, the taxing authority must look to the legislature to brand them taxable; not this Court." (195 So.2d at page 197)
* * * * * *
"* * * It is a fundamental rule of construction that tax laws are to be construed strongly in favor of the taxpayer and against the government and that all ambiguities or doubts are to be resolved in favor of the taxpayer. This salutary principle is found in the reason that the duty to pay taxes, while necessary to the business of the sovereign, is still a duty of pure statutory creation and taxes may be collected only within the clear definite boundaries recited by statute, State ex rel. Seaboard Air Line R. Co. v. Gay (1948) 160 Fla. 445, 35 So.2d 403; 51 Am.Jur. Taxation Section 650." (195 So.2d at page 198)
The statute is silent as to when the tax becomes due, viz: What event triggers the imposition. It is apparent, however, that the tax is imposed upon the conveyance. It necessarily follows therefore that the tax is due when the conveyance is completed which is usually when title passes. Ordinarily, title passes when the instrument of conveyance has been sufficiently executed in accordance with law and delivered. (See Fleming v. Fleming, 352 So.2d 895 (Fla. App. 1 1977)) Delivery, then, is the event upon the occurrence of which the tax becomes due.
It has wisely been said that the power to tax is the power to destroy. The Department *1100 of Revenue has no power to tax. That power is reposed solely in the legislature. A tax sought to be imposed without legislative authority is a nullity. The rule promulgated by the Department of Revenue and struck down by the Summary Final Judgment from whence this review is sought, is without statutory basis in that it seeks to extend the tax far beyond the parameters of the legislative enactment.
We have considered appellant's second point and find it too to be without merit.
AFFIRMED.
McCORD, C.J., and MELVIN, J., concur.

ON PETITION FOR REHEARING AND FOR CLARIFICATION
PER CURIAM:
The Department of Revenue has filed a petition seeking a rehearing or, in the alternative, a clarification of our above opinion.
The first basis urged is that our opinion is in conflict with an opinion of our sister court of the Second District, First Development Corporation of America v. State of Florida Department of Revenue, 286 So.2d 233 (Fla. 2nd DCA 1973). The totality of that opinion is as follows:
"Per Curiam.
"Affirmed. See Raccoon Development, Inc. v. United States, 1968, 391 F.2d 610, 183 Ct.Cl. 276."
We, of course, have no way of knowing what was intended by that opinion. For aught that we can tell the facts giving rise to that opinion may well have been such as was envisioned by us when we stated in the foregoing opinion "[u]nder those circumstances the laws of Florida impose a documentary stamp tax upon the entire consideration paid for the lot and improvements." The propriety of citing for authority a "PCA" will not be by us here addressed. Whether we are permitted to take judicial notice of the contents of court files in this court we need not now decide, but certainly we may not take judicial notice of the contents of files in other courts.
The Department further urges that:
"The basic objection of this court is the Department's application of the rule rather than the wording of the rule itself. Therefore, this court should reconsider its conclusion that the rule itself is invalid and this court's order should be clarified to limit its decision to the Department's application of the rule, and not the validity of the rule itself."
That contention, too, is without merit. The subject rule concludes with the sentence: "The critical factor is the intention of the parties." Throughout appellant's brief and reply brief the "intention of the parties" argument is repeated. As we stated in the foregoing opinion: "We can find no authority in the statute for imposition of a tax based upon an intention or anticipation."
Finally, we address the route by which our review of this case was accomplished: Its first appearance here was via interlocutory appeal (Department of Rev. of Fla. v. Young American Bldrs., 330 So.2d 864 (Fla. 1st DCA 1976)) wherein the department sought review of the circuit court's order denying their motion to dismiss the action in the trial court whereby the plaintiff (Young American Builders) were seeking an injunction against the application of the subject rule, alleging that it violated the due process clause of the Florida and United States Constitutions. On the interlocutory appeal the department asserted that there was an adequate administrative remedy provided by Chapter 120 of the Florida Statutes, the Administrative Procedure Act, and that consequently the circuit court lacked jurisdiction. Resolving that issue against the department we said:
"* * * If as Builders contends the Rule is on its face unconstitutional by due process standards, there is no remedy for it in ch. 120, F.S. 1975. The Administrative Procedure Act could not and does not relegate Fourteenth Amendment questions to administrative determination, nor restrict the occasions for judicial consideration of them by reference in § 120.73 to ch. 86, F.S., nor otherwise impair the judicial function to determine constitutional disputes. * * *"
By addressing in the foregoing opinion nonconstitutional issues we do not intend *1101 impliedly nor otherwise, to recede from nor create an exception to our prior holding in this case on its prior appearance in this court nor to State ex rel. Dept. of General Serv. v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977) and School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977) and their progeny. Indeed, in the words of our sister court of the Third District in Department of Transp. v. Morehouse, 350 So.2d 529 (Fla. 3rd DCA 1977): "We admonish against attempts to evade appropriate review procedures by clothing claims for coercive relief in raiment of dubious constitutional dimensions in order to bootstrap such claims into subjects for declaratory decrees." (350 So.2d at page 533)
However, the route of review by this court on this appeal was not made an issue by the parties. Appellants presented only two points in their briefs, neither of which related to the method or route of review.
Our above opinion being so clarified, appellants' petition for rehearing is denied.
McCORD, C.J., and BOYER and MELVIN, JJ., concur.