ERVIN, Judge.
Silver Springs Shores, Inc. seeks review of a Department of Revenue order upholding the validity of Rule 12A-4.13(22)[1] as a valid exercise of delegated legislative authority following a Section 120.56 proceeding. The evidence adduced at the hearing revealed that Silver Springs Shores, Inc., is a wholly owned subsidiary of Amrep Corporation, primarily engaged in developing a large subdivision in Marion County. Amrep Construction Company, Inc. is also a wholly owned subsidiary of Amrep which, among other things, contracts to build homes for purchasers of lots in Silver Springs Shores. Another subsidiary, Holiday Shores Tours, Inc., seeks prospective purchasers of lots owned by Silver Springs Shores and encourages them to contract with Amrep Construction to have their homes built on the lots purchased in Silver Springs Shores. The typical transaction shows that once Holiday Shores Tours, Inc. has secured the intended purchaser, Amrep Construction Company makes arrangements for the conveyancing of the lot, the financing of the mortgage and the constructing of the home. Later Amrep Construction, Inc. and the purchaser execute a building agreement which provides for the purchase both of the home and the lot. Later, Amrep Construction, Inc. forwards a warranty deed initiation request to Silver Springs Shores, Inc. asking Silver Springs to issue a warranty deed to the purchaser. The warranty deed describes only the value of the lot without improvements and both documentary stamp taxes and surtaxes are placed upon the deed *1183 for the consideration paid only for the lot. Later at the closing, the buyer pays the total purchase price including both the price of the lot and home to Amrep Construction, Inc.
After numerous transactions were closed in the above manner, DOR filed a notice of a proposed assessment seeking to assess documentary stamp taxes, surtaxes, penalties’and interest in the total amount of $13,002.10 against Silver Springs Shores, Inc. During the administrative hearing, Silver Springs conceded that the transactions were package deals within the meaning of the rule but challenged the rule as not being validly authorized by the Florida Documentary Stamp Tax statutes, specifically Section 201.02, empowering a documentary stamp tax of $.30 on each $100 of consideration on deeds and other documents, and Section 201.021(1) permitting a documentary surtax on such documents at the rate of $.55 per $500 of the consideration paid.
It is difficult for us to perceive the rule is facially invalid since it provides the determinative factor as to whether the tax applied is the intention of the parties. The statement is clearly consistent with the law relating to delivery of deeds, which states that the intention of the parties, particularly the grantor, is an essential and controlling element of the delivery of the deed. Smith v. Owens, 91 Fla. 995, 108 So. 891 (1926). The applicable stamp tax statutes generally follow the language of the corresponding federal revenue tax statute, 26 U.S.C. § 4361 (now repealed). Florida courts have usually given the same construction to Florida taxing statutes as is placed upon corresponding federal statutes by federal courts. Gay v. Inter-County Telephone and Telegraph Co., 60 So.2d 22 (Fla.1952); Choctawhatchee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla.1961); Rasberry v. Dickinson, 243 So.2d 236 (Fla. 1st DCA 1971). In interpreting Section 4361, as it related to package deals, the United States Court of Claims, upon facts similar to those involved here,[2] concluded that the critical factor in determining the amount of tax due is the intention of the parties at the time of execution and recor-dation of the instrument. Raccoon Development, Inc. v. United States, 391 F.2d 610, 613, 183 Ct.Cl. 276 (1968). The Court noted that the intended purchasers were neither offered nor did they bargain for anything other than a home, including a lot at a certain price, and that the lot was in reality an inseparable part of what the purchasers bought. The Court concluded that “the lump sum purchase price that they paid is therefore the proper measure of documentary stamp tax liability.” Id. at 613-14. The test applied by Raccoon in determining the taxable event is entirely consistent with that stated in Rule 12A-4.13(22).
Nevertheless the precise point has previously been decided adverse to the Department’s position in Department of Revenue v. Young American Builders, 358 So.2d 1096 (Fla. 1st DCA 1978). Stare decisis demands that we follow Young America Builders, supra, grant the petition for review and set aside the agency action. Still, being persuaded that the question of the rule’s validity is one of great public importance, we certify it to our Supreme Court as being so.
SMITH, Acting C. J., and BOOTH, J., concur.

. The Rule provides:
Joint Venture Contracts, Package Deals: Where corporations engaged in the business of land development for residential purposes conduct their operations in conjunction with sister corporations (or even same corporation) engaged in building homes, and one individual is controlling shareholder and principal officer of all corporations, tax is required on the deeds based upon the total price that home purchaser pays for house and lot and not limited to portion of consideration attributable to the lot. The tax attaches at the time the deed or other instrument of conveyance is delivered, irrespective of the time the sale is made or the instrument is recorded. The critical factor is the intention of the parties.

. A distinguishing fact is that in Raccoon Development, Inc. v. United States, 391 F.2d 610, 613, 183 Ct.Cl. 276 (1968), the deed was withheld by the developer and not delivered until after the improvements were added, unlike the situation here. Nevertheless the decision in Raccoon, supra, did not, as indicated above, turn upon this one factor.