RYDER, Judge.
Nellie Ruth Weathersbee died August 4, 1982 at the age of eighty-eight years. No lineal descendants survived her. Her 1977 will provided that her house and an eighty-acre parcel of land upon which the house is located would pass to her great, great nephew, Samuel Thomas Taylor (appellee). Her four nieces (one of which is personal representative of her estate and appellant in this appeal) were to receive the residue of her estate (an estimated value at the time of the final judgment of $750,000.00).
At Mrs. Weathersbee’s invitation, appel-lee began living in her home with her in 1975 (he was eighteen years old at the time). As the years progressed and her condition retrogressed, their relationship became stronger. She relied and depended upon him to run errands with her and for her. Witnesses testified at trial that she was emotionally attached to him and described him as her “eyes and ears.” Their close confidential relationship is undisputed in the record.
In 1979, Mrs. Weathersbee conveyed to appellee by deed the home and eighty acres and an additional 140 acres. Appellee later conveyed back to Mrs. Weathersbee a life estate in the land conveyed to him by Mrs. Weathersbee in the 1979 deed. Mrs. Weathersbee signed two deeds on April 30, 1981. One deed was an outright conveyance to appellee of approximately forty acres upon which appellee had constructed greenhouses and a plant nursery. The second 1981 deed conveyed approximately 340 acres to appellee with the reservation of a life estate in Mrs. Weathersbee. Mrs. Weathersbee was bedridden at the time of the 1981 conveyances. In fact, she had been in and out of the hospital both before and after the 1981 conveyances.
Approximately six months after Mrs. Weathersbee’s death, appellant instituted an action requesting cancellation and rescission of the three deeds mentioned above. The request for rescission of the 1979 deed was based on allegations of undue influence and/or mistake; rescission of the 1981 deeds was sought on allegations of undue influence and/or incompetence. The action also requested that the trial court order an accounting and asked the trial court to award damages in favor of the estate. ¡Appellee filed a separate action (consolidated here) seeking a declaratory judgment tjhat the estate was liable for contributioii, indemnification and/or subro-gation should appellee be required to pay gift taxes, interest and penalties in connection with the three deeds. The actions were consolidated and a bench trial was held. The :ánal judgment, inter alia, denied the estate all of the relief it requested with the exception of an award of damages in *311 the amount of $37,115.94. In addition, the final judgment ordered that the pleadings were to be amended to conform to the evidence as to a $10,000.00 claim by appel-lee against the estate. The judgment then awarded appellee the $10,000.00 mentioned above. The final matter significant to this appeal is the trial court's order in the final judgment directing appellant as personal representative of the estate to file federal gift tax returns and pay all taxes, interest and penalties in relation to the conveyances.
Appellant raises six points on appeal. We find merit in two. Accordingly, for the reasons stated below, the trial court’s final judgment is affirmed in part, reversed in part and remanded with instructions.
Appellant’s first two points argue that the trial court erred in refusing to rescind the three deeds from Mrs. Weather-bee to appellee. Both sides presented their view of facts contained in the voluminous record of this case. Both sides marshalled the facts favorable to their respective positions in their briefs and their oral arguments. We cannot reweigh the facts on appeal, but must view the evidence in a light most favorable to the appellee. Even when the evidence is conflicting, we must uphold the trial court’s final judgment if it is supported by substantial, competent evidence. Fleming v. Fleming, 352 So.2d 895, 898 (Fla. 1st DCA 1977), cert. denied, 367 So.2d 1123 (Fla.1979). In reviewing the record in a light most favorable to appellee, we hold that there is substantial, competent evidence to support the trial court's refusal to rescind the three deeds conveying property from Mrs. Weathersbee to appellee. Appellant urges that the evidence raised an unrebutted presumption of undue influence. See In re Carpenter, 253 So.2d 697 (Fla.1971). Implicit in the trial court’s final judgment is a determination that the evidence in this case was insufficient to raise a Carpenter presumption. As stated above, no one disputed the confidential relationship between appellee and Mrs. Weathersbee. But another element is needed to raise a Carpenter presumption: active procurement. The trial court specifically found that appellee was not active in procuring the deeds. Apparently, the trial court weighed appellee’s testimony as well as other witnesses in support of appellee’s position and determined that the testimony was credible and was to be believed. We decline the invitation to disturb the trial court’s finding.
Appellant’s third point on appeal alleges that the trial court erred in allowing appellee to amend his pleadings and erred in awarding appellee $10,000.00. This point has merit. The claim for the $10,-000.00 was never pleaded in appellee’s claim against the estate. The final judgment allowing appellee to amend his pleadings circumvents the probate code’s strict statute of nonclaim. § 733.702(l)(a), Fla. Stat. (1983). Even if there was sufficient evidence of appellee’s entitlement to the claim, it is not timely. It is barred by the statute. We reverse the trial court’s award of $10,000.00 to appellee and remand with instructions that the trial court correct the final judgment consistent with this opinion.
Appellant’s fourth point on appeal is that the trial court erred in not ordering appellee to make an accounting as to the rents and profits from Mrs. Weathersbee’s property. We agree. Mrs. Weathersbee retained a life estate in several acres of her property deeded to appellee. There is some evidence that appellee collected rents and profits from at least part of this property during Mrs. Weathersbee’s lifetime. As a matter of law, the estate is entitled to an accounting by appellee of the rents and profits collected during Mrs. Weathersbee’s lifetime on the property on which she retained a life estate. We reverse the final judgment as to the denial of an accounting, and remand for an accounting of the rents and profits collected by appellee during Mrs. Weathersbee’s life estate.
Appellant’s remaining points on appeal are without merit. The trial court was correct in directing appellant as personal representative of the estate to file federal gift tax returns and pay all taxes, interest *312 and penalties that may be due in relation to the conveyances. Finally, because we held the trial court was correct in refusing to rescind the deeds, appellant is not entitled to damages for the rental value of the property subsequent to Mrs. Weathers-bee’s death. Her life estate terminated at her death and appellee then owned the property outright and could do with it as he wished.
Affirmed in part; reversed in part and remanded with instructions.
DANAHY, C.J., and SCHOONOVER, J., concur.