PER CURIAM.
Angelus appeals an order determining the validity of an “option” for the sale of her deceased mother’s condominium. For the reasons which follow, we reverse.
Ruth Snyder wrote a letter to her nephew-in-law, appellee Henry Pass, informing him that she had written a will. The letter indicated that she had not included her condominium in the will and further stated “If I am still here when I die I would like to sell it to you and Eileen [Ms. Snyder’s niece and Henry’s wife] for $100.” Upon Ms. Snyder’s death, Mr. Pass, treating the letter as an option to purchase the condominium, delivered a check for the $100.00, and made a claim against the estate. Upon appellant’s objection to the claim, appellees instituted the instant action for declaratory judgment and specific performance. The trial court appointed an administrator ad litem to evaluate the claim. In his report, which was adopted by the trial court, the administrator found sufficient consideration for the agreement and determined the letter to be a valid option contract.
We cannot agree with this ruling which in effect sanctions a testamentary transfer of property that does not comply with the statutory requirements of a will. See § 732.502, Fla. Stat. (2001); Williams v. Williams, 149 Fla. 454, 6 So.2d 275 (1942) (“If the intention is manifest that the deed should not take immediate effect, but shall be operative only upon the grantor’s death, it will never take effect at all unless it is executed with such formalities that it may *554 be given effect -as a testamentary disposition”) We, therefore, reverse the judgment below and remand for further proceedings.