330 So.2d 864 (1976)
DEPARTMENT OF REVENUE OF FLORIDA, an Agency of the State of Florida, and Robert Shevin, As Attorney General of the State of Florida, Appellants,
v.
YOUNG AMERICAN BUILDERS, a Florida Corporation, and A. Curtis Powers, As Clerk of the Circuit Court in and for Alachua County, Florida, Appellees.
No. AA-209.
District Court of Appeal of Florida, First District.
April 2, 1976.
Rehearing Denied May 18, 1976.
Robert L. Shevin, Atty. Gen., and Zollie M. Maynard, Jr., Asst. Atty. Gen., for appellants.
Leonard E. Ireland, Jr., Clayton, Duncan, Johnston, Clayton, Quincey, Ireland & Felder, Gainesville, for appellee Young *865 American Builders, a corporation. No appearance for appellee Powers.
SMITH, Judge.
By interlocutory appeal the Department of Revenue and Attorney General complain of the circuit court's order denying their motion to dismiss an action by Young American Builders, a corporation, for an injunction against the application to Builders of the Department's Rule 12A-4.13(22), which Builders alleges violates the due process clauses of the Florida and United States Constitutions. The Department and Attorney General assert that Builders has an administrative remedy under ch. 120, F.S., and consequently that the circuit court lacks jurisdiction.
The questioned Rule provides in pertinent part that the documentary stamp tax payable on a deed under ch. 201, F.S., shall be calculated on the total price of a home, including house and lot, when developed by a corporation which conveys the lot to a homesteader and then builds his house on it. The Rule provides that "the critical factor" in determining whether to tax the transaction as a unity "is the intention of the parties."
Builders' complaint asserts that the Rule is unconstitutional because there is no opportunity for a hearing before its application by the Department and because it creates an "irrebutable presumption" that specified transactions are "joint venture contracts" or "package deals." The Department and Attorney General aver that a ch. 120, F.S., hearing to determine whether Builders' transactions are "package deals" is precisely what the Rule contemplates and what Builders should have sought administratively before seeking judicial relief. See Pest Control Comm'n of Fla. v. Ace Pest Control, Inc., 214 So.2d 892 (Fla.App. 1st, 1968); Odham v. Foremost Dairies, Inc., 128 So.2d 586, 593 (Fla. 1961).
It is clear to us that the circuit court has jurisdiction to act and properly denied the motion to dismiss. It may well be, as the Department and Attorney General assert, that the attacked Rule, far from creating an "irrebutable presumption" against Builders, should be construed as envisioning an administrative hearing on the appropriateness of the application of the Rule to Builders. The trial court may agree that a hearing is necessarily implied in the Rule's concern for "the intention of the parties". But the relative merits of the parties' positions do not deprive the circuit court of jurisdiction to determine the merits. If as Builders contends the Rule is on its face unconstitutional by due process standards, there is no remedy for it in ch. 120, F.S. 1975. The Administrative Procedure Act could not and does not relegate Fourteenth Amendment questions to administrative determination, nor restrict the occasions for judicial consideration of them by reference in § 120.73 to ch. 86, F.S., nor otherwise impair the judicial function to determine constitutional disputes. Art. II, § 3, Fla. Const.; State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers, 84 Fla. 592, 94 So. 681 (1922); State of Fla., Dep't of Admin., Div. of Personnel v. State of Fla., Dep't of Admin., Div. of Admin. Hearings, et al., 326 So.2d 187 (Fla.App. 1st, 1976), and cases cited.
This interlocutory appeal having been found to be without substantial merit (Rule 4.2c, F.A.R.), it is
DISMISSED.
BOYER, C.J., and RAWLS, J., concur.