337 So.2d 404 (1976)
DEPARTMENT OF REVENUE, State of Florida, Appellant,
v.
James S. CRISP and Patricia A. Crisp, Appellees.
No. 76-366.
District Court of Appeal of Florida, Second District.
September 15, 1976.
Robert L. Shevin, Atty. Gen. and Patricia S. Turner, Asst. Atty. Gen., Tallahassee, for appellant.
Thomas M. Gallen of Miller, Gallen, Kaklis & Venable, Bradenton, for appellees.
BOARDMAN, Judge.
Appellant Department of Revenue (Department) brings this interlocutory appeal from an order denying its motion to dismiss, for lack of subject matter jurisdiction and improper venue, an action initiated by appellees James S. and Patricia A. Crisp.
*405 Appellees brought this action for a declaratory judgment alleging that Fla. Stat. § 201.02 and § 201.17 are not applicable to the subject matter of the conveyance upon which the Department assessed additional documentary stamp taxes and that Fla. Stat. § 201.17 violates the equal protection and due process clauses of the constitutions of Florida and the United States. Appellees prayed for an injunction prohibiting the Department from collecting the tax and penalty. The Department issued a "PROPOSED NOTICE OF ASSESSMENT OF TAX AND PENALTY UNDER CHAPTER 201, FLORIDA STATUTES" to appellees which stated that payment of the amount assessed must be made on or before December 3, 1975. Appellees did not request an informal or formal hearing before the Department to review the assessment but elected to file this suit in the Circuit Court of Manatee County on November 25, 1975.[1]
Generally, an action against the state or a state agency, absent a waiver, must be brought in the county where its official headquarters are located. Dowdy v. Lawton, Fla. 1954, 72 So.2d 50; Department of Revenue v. First Federal Savings & Loan Association of Ft. Myers, Fla.App.2d 1971, 256 So.2d 524. Exceptions germane to this controversy are that suit may be filed in the circuit court of the county where the agency action threatened a constitutional right or where the agency attempted to seize property. Williams v. Ferrentino, Fla. App.2d 1967, 199 So.2d 504. The agency's "threat" or "attempt" must be real and imminent rather than contingent and anticipatory to qualify as an exception to the general rule of venue. First Federal, supra.
Although the complaint in this case alleges infringement of due process and equal protection rights, those rights have not been imminently "threatened" as contemplated in Williams, a case wherein the appellees' driver's licenses were suspended, effective upon receipt of notification, in derogation of their due process right to a hearing. Notice of a tax assessment and demand for payment unaccompanied by further action, as in this case, is not an imminent "attempt" to seize and sell property of the taxpayer. See Gaulden v. Gay, Fla. 1950, 47 So.2d 580; Department of Revenue v. Arvida Corporation, Fla.App.2d 1975, 315 So.2d 235; First Federal, supra. This court has been quite careful to distinguish between the types of agency action which are affirmative and those which are passive or dormant. In Arvida, the court held that issuing a tax warrant and execution to collect past-due taxes was a real and imminent "attempt" to seize property, and venue was proper in the county where the taxpayer did business. See also Swinscoe v. Department of Revenue, Fla.App.4th 1975, 320 So.2d 11. The formal notice of assessment and demand for delinquent taxes in First Federal specifying the date payment was due and merely advising the taxpayer to pay the assessment to avoid service of a tax warrant was characterized as a contingent and anticipatory "threat," and venue was held to be in Leon County, headquarters of the Department of Revenue. The Department's action in the instant case was very close to that of the Department of Revenue in First Federal. Accordingly, we reverse on the issue of venue and remand for transfer to Leon County, pursuant to RCP 1.060(b).
The Department contends that the proper forum for review of the cause before us is in the district court of appeal as mandated by the Administrative Procedure Act, § 120.68(2), Fla. Stat. We disagree and hold that jurisdiction over this action is vested in the circuit court.
The Florida legislature has determined that the circuit courts shall have exclusive original jurisdiction in all cases in equity and in all cases involving legality of any tax assessment. Fla. Stat. § 26.012(2)(c),(e); *406 Fla. Const., art. V, sec. 20(3). See Department of Revenue v. University Square, Inc., Fla.App. 1st 1976, 336 So.2d 371. We agree with the reasoning of the First District Court of Appeal in University Square that if the legislature had intended to divest the circuit courts of jurisdiction over this matter it would have repealed or amended Fla. Stat. § 26.012.[2]Department of Revenue v. University Square, Inc., supra. There is a significant difference between the hearings authorized by Fla. Stat. § 26.012 and those of Fla. Stat. § 120.68. Section 26.012 requires that the circuit court sit as a court of original jurisdiction providing an opportunity for full judicial proceedings while 120.68(4) limits the district court of appeal to appellate jurisdiction where the scope of review is confined to the record transmitted to it by the agency. We do not believe that the restricted review authorized by the APA pre-empts the complete hearing prescribed in 26.012.
Furthermore, independent of the statutory requirements previously discussed, the decision in Department of Revenue v. Young American Builders, Fla.App. 1st 1976, 330 So.2d 864, on facts similar to those before us, is persuasive. The complaint in Young American Builders alleged that a rule of the Department of Revenue was unconstitutional. In Young American Builders the court held that:
The Administrative Procedure Act could not and does not relegate Fourteenth Amendment questions to administrative determination, nor restrict the occasions for judicial consideration of them by reference in § 120.73 to ch. 86, F.S., nor otherwise impair the judicial function to determine constitutional disputes.
Accordingly, we affirm on the issue of subject matter jurisdiction.
REVERSED in part; AFFIRMED in part; REMANDED for further proceedings consistent with this opinion.
McNULTY, C.J., and SCHEB, J., concur.
NOTES
[1] At the time this suit was filed appellees did have an administrative remedy available which they did not elect. The Department has asserted in its brief that the opportunity for a hearing was lost when the assessment became final on December 3. Appellees were not required to request a hearing before the Department and failure to do so does not effect their right to pursue judicial remedies.
[2] This case is now pending before the Supreme Court of Florida on petition for writ of certiorari.