350 So.2d 529 (1977)
DEPARTMENT OF TRANSPORTATION of the State of Florida, Tom B. Webb, Jr., Individually and As Secretary of the Department of Transportation of the State of Florida, the Department of Administration of the State of Florida, Conley Kennison, Individually and As Director of the Division of Personnel of the Department of Administration, State of Florida, Appellants,
v.
Earl W. MOREHOUSE, Appellee.
No. 76-1493.
District Court of Appeal of Florida, Third District.
October 4, 1977.
*530 Mary E. Clark and Alan E. DeSerio and H. Reynolds Sampson, Tallahassee, for appellants.
Robert M. Brake, Coral Gables, for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
NATHAN, Judge.
This is an appeal by two state administrative agencies and their executive officers, defendants below, from a final declaratory judgment rendered by the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida, in favor of a former state employee, Earl W. Morehouse. The declaratory decree ordered the state agencies to restore the plaintiff to his prior position with the appropriate emoluments. The primary issue on appeal is whether the circuit court has jurisdiction to render this judgment.
Plaintiff was employed by the Department of Transportation when, on December 4, 1975, pursuant to Section 110.092(4)(a), Florida Statutes (1975),[1] he submitted a written request seeking the department's approval to run for the office of councilman in the city of Miami Springs, Dade County, Florida, where he resided. His immediate superiors recommended approval, but, on February 12, 1976, the director of the Department of Transportation executed a written disapproval of the request. The sole reason given for the disapproval was that a potential conflict of interest would exist should Mr. Morehouse be elected. The "potential conflict of interest" was not further delineated.
Although the question of Mr. Morehouse's receipt of notice was not undisputed, the trial court found that the written disapproval of his request for permission to run was not served on the plaintiff, and that he was given written notice of the disapproval and directed to withdraw his candidacy only after he had qualified. It is axiomatic that factual conclusions of the trial judge come to this court with the presumption of correctness, and will not be reversed unless clearly erroneous. There is ample evidence in the record to support his conclusions.
Plaintiff requested reconsideration. This request was denied, and his employment was terminated. He was informed that, since he had voluntarily acted in disregard of the disapproval, this termination was "deemed a resignation." Plaintiff attempted to appeal his dismissal to the Career Service Commission but was advised that Rule 22A-7.10D of the Department of Administration Division of Personnel and Retirement precluded appeal.[2] He then filed suit for declaratory decree in the United States District Court for the Southern District of Florida. A summary judgment was entered because the federal court lacked jurisdiction.
*531 In December of 1975, plaintiff filed a declaratory judgment action in the circuit court in Dade County. The trial court found, as fact, that plaintiff's duties with the Department of Transportation were unlikely to affect the city of Miami Springs, and that at least two other employees within the department had not only been given authority to qualify as candidates for public office, but also had qualified for office before receiving approval.
In its findings of law the circuit court held: that the suit sub judice was a proper cause for declaratory judgment under Chapter 86, Florida Statutes (1975) and that jurisdiction was proper; that while there may be no constitutional right to public employment, there is a right to be free from unreasonably discriminatory practices with respect to such employment; that defendants may not unreasonably withhold approval of a request to run for office; that the due process clauses of the United States and the Florida Constitutions require a hearing prior to discharge where discharge is based on constitutionally or statutorily protected activities; that the defendants had deprived plaintiff of both due process and equal protection of the law in numerous enumerated ways; that there was neither actual nor real potential conflict of interest between plaintiff's job with the Department of Transportation and that of city councilman in Miami Springs; and that termination of plaintiff's employment was wrongful. Restoration of Mr. Morehouse to his appropriate position was then ordered.
Appellants assert error on several grounds, foremost of which is that the circuit court was without subject matter jurisdiction in the case. Of course, if this is so, the entire judgment is invalid. Therefore, this issue merits initial attention.
It is appellants' position that the Administrative Procedure Act, in Sections 120.68 and 120.72, Florida Statutes (1975), provides that the sole method for review of final agency action is the filing of a petition for review in the District Court of Appeal. Section 120.68 reads, in pertinent part:
(1) A party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
(2) Except in matters for which judicial review by the supreme court [sic] is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides. Review proceedings shall be conducted in accordance with the Florida appellate rules.
.....
(6) When there has been no hearing prior to agency action and the reviewing court finds that the validity of the action depends upon disputed facts, the court shall order the agency to conduct a prompt, fact-finding proceeding under this act after [having] a reasonable opportunity to reconsider its determination on the record of the proceedings.
Section 120.72, dealing with the intent of the legislature in enacting the 1974 Administrative Procedure Act, provides:
(1) The intent of the legislature in enacting this complete revision of chapter 120, Florida Statutes, is to make uniform the rulemaking and adjudicative procedures used by the administrative agencies of this state. To that end, it is the express intent of the legislature that the provisions of this act shall replace all other provisions in the Florida Statutes, 1973, relating to rulemaking, agency orders, administrative adjudication, or judicial review [of administrative action], except marketing orders adopted pursuant to chapters 573 and 601.
It is also necessary to take note of Section 120.73, effective June 25, 1975. This section, dealing specifically with declaratory judgment proceedings in the circuit courts, states:
Nothing in this chapter shall be construed to repeal any provision of the Florida Statutes which grants the right to a proceeding *532 in the circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of chapter 86.
Having set forth the relevant statutory provisions, we next apply them to the facts of the instant case. As has been noted, Mr. Morehouse was not apprised of the disapproval until after the deadline for qualifying to run. What notice he did receive consisted of a blunt disapproval on grounds of potential conflict of interest without accompanying reasons. When he sought to remedy his dilemma through appeal to the Career Service Commission, he was informed that his actions had amounted to a resignation and that appeal was thereby foreclosed. In short, agency actions placed the plaintiff in a position where he was denied rights to which he was constitutionally entitled, and then foreclosed a reasonable remedy. Plaintiff's complaint stated sound constitutional and equitable grounds for relief and thus established a basis upon which to predicate jurisdiction in the circuit court under chapter 86, unless it can be said that the Administrative Procedure Act necessarily bars this remedy. Definitively stated, the issue in this case is whether the judicially created companion doctrines of primary jurisdiction and exhaustion of administrative remedies combine to make petition for review in the district court of appeals the sole remedy available when final agency action substantially affects the constitutional rights of a party.
We are guided in our resolution of this case by recent rulings of our sister court in the First District. In State of Florida ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), an incisive opinion which includes an exhaustive review of procedural options under successive versions of the Florida Administrative Procedure Act, Judge Smith made it clear that the current Act provides so abundant an arsenal of remedies for administrative error that it will rarely be appropriate to seek judicial review of agency action other than through the district courts of appeal. Yet it was recognized that "some agency errors may be so egregious or devastating that the promised administrative remedy may be too little or too late. In that case equitable power of a circuit court must intervene." Id., at 590.
The Willis court left open the question of "the extent to which the undivested statutory jurisdiction of circuit courts to render declaratory judgments under Chapter 86 is nevertheless to be judicially restricted when coercive relief, not a declaration of some doubtful right or status, is plaintiff's real objective, or when uninvoked administrative remedies are available." This was precisely the issue dealt with in School Board of Leon County v. Mitchell, 346 So.2d 562 (1st DCA 1977).
In Mitchell, a school board employee sought declaratory judgment in a circuit court as to her statutory and contractual rights. The court denied such relief, noting that a major purpose of the 1974 revision of the Act was to settle the procedure of review and to avoid the attenuated distinctions in the case law between quasi-judicial actions and those which are quasi-legislative or quasi-executive, distinctions which are no longer purposeful or helpful. The court sought to avoid a revisitation of the confusion and controversy surrounding judicial review of administrative actions that Section 120.68 was designed to alleviate when it held that "in the vast majority of cases, the sole method of challenging agency action, whether formally recognized as an `order' or a `rule', as it affects the substantial interests of a party, is by petition for review to the appropriate District Court of Appeal." It went on, however, to state:
We are not prepared to say that a frustrated litigant... may never, under any circumstances, obtain a declaratory decree from the Circuit Court, but the declaratory judgment remedy may be resorted to only in ... extraordinary cases... ." Id. at 568.
The problem now before us involves just such an extraordinary situation. An agency rule precluded Mr. Morehouse from appealing his dismissal. Neither the Department *533 of Administration nor its hearing officer would have had the power to declare the rule unconstitutional. State of Florida, Department of Administration, Division of Personnel v. State of Florida, Department of Administration, Division of Administrative Hearings, 326 So.2d 187 (1st DCA 1976), and cases cited therein.
Moreover, the separation of powers provision of the Florida Constitution, Article II, Section 3, stands as a permanent bar to administrative determination of fourteenth amendment problems. The Administrative Procedure Act cannot relegate matters of constitutional proportions to administrative agency resolution, nor can it impair judicial jurisdiction to determine constitutional disputes. Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976). See also Department of Revenue v. Crisp, 337 So.2d 404, 406 (Fla. 2d DCA 1976).
We admonish against attempts to evade appropriate review procedures by clothing claims for coercive relief in raiment of dubious constitutional dimensions in order to bootstrap such claims into subjects for declaratory decrees. Yet because the summary acts of state agencies and officials were sorely deficient in constitutionally guaranteed safeguards, because the harm done to plaintiff was inordinate, and because nothing in the Administrative Procedure Act divests the circuit courts of jurisdiction to render declaratory judgments in the rare cases where such defects in due process exist, we hold that, under the facts of this case, jurisdiction to render a declaratory decree did lie in the circuit court under Chapter 86, and Section 120.73, Florida Statutes (1975).
Appellants also assert error in the trial court's denial of their motion to transfer cause for improper venue, and contend that the appropriate venue for an action against a state agency lies in the county where its headquarters are located. A plethora of cases state the general rule that, absent waiver, a state agency or officer enjoys the privilege of venue in the county in which the agency has its official residence. Smith v. Williams, 160 Fla. 580, 35 So.2d 844 (Fla. 1948); Gay v. Ogilvie, 47 So.2d 525 (Fla. 1950); Henderson v. Gay, 49 So.2d 325 (Fla. 1950).
However, this state has long recognized the dichotomy between those cases in which a questioned agency action results in no imminent invasion of a constitutional or statutory right of the plaintiff and those in which the primary purpose of the litigation is judicial protection against an alleged unlawful infringement of a plaintiff's constitutional rights. Where agency action presents a genuine threat to such interests, venue is proper in the county where the alleged intrusion upon constitutional rights has occurred. Smith v. Williams, supra, at 846-47; State ex rel. Florida Dry Cleaning and Laundry Board v. Atkinson, 136 Fla. 528, 188 So. 834 (1938); Department of Revenue v. Crisp, supra. We hold that venue was properly laid in Dade County, the situs of the violations of plaintiff's constitutional rights.
Appellants' remaining assertions of error are deemed without merit. The judgment of the circuit court is affirmed in all respects.
AFFIRMED.
NOTES
[1] Section 110.092 provides:

(4) As an individual, each employee retains all rights and obligations of citizenship provided in the constitution and laws of the United States. However, no employee in the classified service shall:
(a) Hold, or be a candidate for, public or political office while in the employment of the state or take any active part in a political campaign while on duty or within any period of time during which he is expected to perform services for which he receives compensation from the state. However, when authorized by his agency head and approved by the division of personnel, an employee in the classified service may be a candidate for or hold a local public office which involves no interest which conflicts or interferes with his state employment. The division of personnel of the department of administration shall prepare and make available to all affected personnel who make such request a definite set of rules and regulations and procedures consistent with the provisions herein.
[2] The Rule, captioned "Failure to Resign to Run for Public Office," states: An employee who becomes ineligible for continuation of employment in accordance with § 110.092(4)(a), Florida Statutes, shall be terminated without the right of appeal to the Career Service Commission.