362 So.2d 110 (1978)
CARROLLWOOD STATE BANK, Appellant,
v.
Gerald A. LEWIS, As Comptroller of Florida, and As Head of the Department of Banking and Finance of the State of Florida, and Exchange Bank of Temple Terrace, Appellees.
CARROLLWOOD STATE BANK, Petitioner,
v.
STATE of Florida, DEPARTMENT OF BANKING AND FINANCE and Gerald A. Lewis, Comptroller, State of Florida and the Exchange Bank of Temple Terrace, Respondents.
Nos. HH-33, HH-262.
District Court of Appeal of Florida, First District.
August 22, 1978.
Rehearing Denied September 26, 1978.
*111 J. Riley Davis and Wilbur E. Brewton of Taylor, Brion, Buker & Greene, Tallahassee, for appellant.
William L. Lyman and S. Craig Kiser, Anthony J. McNicholas, III, and Hume F. Coleman of Holland & Knight, Tallahassee, for appellees.
BOYER, Judge.
The primary issue presented by these consolidated cases is the propriety of an order of a circuit judge dismissing a complaint by Carrollwood State Bank (hereinafter Carrollwood) against Gerald A. Lewis, as Comptroller of Florida, and as head of the Department of Banking and Finance of the *112 State of Florida, (hereinafter Department) and The Exchange Bank of Temple Terrace (hereinafter Exchange Bank). In entering that order the learned circuit judge obviously relied upon a prior decision of this court, State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977).
We are neither unmindful of nor unsympathetic to the present plight of circuit courts in ruling upon motions to dismiss declaratory judgment actions commenced pursuant to chapter 86, Florida Statutes, involving parties or issues relating to or cognizable under the Administrative Procedure Act, chapter 120 Florida Statutes.
In the Willis case, supra, Judge Smith of this court made a valiant endeavor to explain the relationship between the Administrative Procedure Act (hereinafter APA) and chapter 86. That case clearly rings the alarm as to dangers in attempting to proceed under chapter 86 when there is an adequate remedy under the APA. Heeding that alarm the party seeking relief in School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977) sought dual refuge by filing a declaratory judgment action in the circuit court and a petition for review in this court. Although certainly wise in that case, the necessity of invoking multiple jurisdictions in multiple courts via multiple remedies in order to assure safety is an onerous burden on the litigants and courts alike and substantially increases the cost of delivery of legal services. We recognize our joint responsibillity with the legislature to lighten such unnecessary burden.
While these consolidated cases do not furnish a proper vehicle for resolving all of the questions left unanswered by both Willis and Mitchell, we will nevertheless address such of those questions as the facts of these cases will permit.
In April of 1977 the Department published in the Florida Administrative Weekly a notice that a branch bank application filed by Exchange Bank was approved. That branch bank was to be located across the street from Carrollwood. Carrollwood was theretofore unaware of the application of Exchange Bank and upon learning of its approval promptly wrote a letter to the Department requesting an administrative hearing, urging that public convenience and necessity would not be served by the branch bank and that local conditions did not assure the successful operation of the existing banks in the area, much less the proposed branch bank. By order dated May 2, 1977 the Department denied the request for a hearing stating that Carrollwood did not have standing and was not a party whose substantial interests were determined by agency action. On June 13, 1977 Carrollwood filed its complaint for declaratory and injunctive relief pursuant to chapter 86 Florida Statutes in the Circuit Court for Leon County. As above stated, the defendants in that action filed a motion to dismiss, citing our Willis opinion, which motion the trial judge granted. This appeal (case no. HH-33) was timely filed from that order of dismissal.
Carrollwood thereafter filed with the Department a petition for formal proceedings, asking that an administrative hearing be held on the branch bank application. In a letter dated August 22, 1977 the Department notified Carrollwood that because a formal order had already been issued on the matter (the above mentioned order of May 2, 1977) the Department would not again consider a petition for administrative hearing. Carrollwood requested that it receive a formal order denying its request, which was never forthcoming. Carrollwood thereupon filed in this court (case no. HH-262) a petition for review of the letter dated August 22, 1977, taking the position that that letter constituted final agency action.
The two cases were consolidated by order of this court. It is apparent that the necessity of our consideration of the first case (HH-33) depends upon the manner in which we resolve the second (HH-262).
As above stated, by order dated May 2, 1977, the Department denied the request of Carrollwood for a hearing, stating that it did not have standing and was not a party whose substantial interests were determined *113 by agency action.[1] That order was clearly final agency action as to Carrollwood. It finally determined Carrollwood's rights in the proceeding and under F.S. 120.68. Such final action was subject to judicial review by this Court for a period of 30 days. (See Rule 4.5, F.A.R. 1962; Yamaha International Corporation v. Ehrman, 318 So.2d 196 (Fla. 1 DCA 1975); and Shevin ex rel. State v. Public Service Commission, 333 So.2d 9 (Fla. 1976).) Long after its review period had expired, Carrollwood filed a petition for formal proceedings with the Department asking that an administrative hearing be held on the branch bank application. That petition could only be considered as a late filed petition for rehearing on the previous final order.
Clearly the position taken by the Department in its order of May 2, 1977 denying Carrollwood's request for an administrative hearing on the ground that Carrollwood had no standing and was not a proper party or a person whose substantial interests were determined by the agency, was untenable. (See Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977); Jefferson National Bank of Miami Beach v. Lewis, 348 So.2d 348 (Fla. 1st DCA 1977) and Central Bank of South Daytona v. Lewis, 348 So.2d 348 (Fla. 1st DCA 1977)). However, the refusal by the Department to consider the second petition, after having already denied a hearing, though erroneously, but formal order, the time for review of which had expired, was not error. We affirm as to case no. HH-262.
The query remains however as to whether Carrollwood, having failed to seek timely review of the Department's May 2nd order, was entitled to relief in the circuit court.
In the Willis case, supra, is found the following:
"Does the complaint of the respondent contractors demonstrate some compelling reason why the Administrative Procedure Act does not avail them in their grievance against the Department, and why the circuit court must therefore intervene? We think it does not. No lack of general authority in the Department is suggested; nor is it shown, if that is the case, that the Act has no remedy for it. No illegal conduct by the Department is shown; nor, if that is the case, that the Act cannot remedy the illegality. No departmental ignorance of the law, the facts or the public good is shown; nor, if any of that is the case, that the Act provides no remedy for it. No claim is made the Department ignores or refuses to recognize relators' substantial interests, or refuses to afford a hearing, or otherwise refuses to recognize that relators' grievance is cognizable administratively. The respondent contractors have made no showing that remedies available under the Act are inadequate." (344 So.2d at page 591: emphasis added)
Sub judice, on the other hand, the record reveals that the May 2, 1977 order of the Department clearly refused to recognize Carrollwood's substantial interests and refused to afford a hearing. That order was attached to and incorporated in the complaint for declaratory relief, the dismissal of which is the subject of this appeal. However, notwithstanding the recitals in the Willis opinion regarding refusal to recognize substantial interests or refusal to afford a hearing, such refusals do not, if an adequate remedy is available via review under Chapter 120 Florida Statutes, form a proper basis for declaratory or injunctive relief in Circuit Court. That remedy is, however, available when the constitutionality of a statute, rule or regulation is challenged, or when the constitutionality of the application of an otherwise valid statute, rule or regulation is at issue. The administrative *114 process cannot resolve a constitutional attack upon a statute, rule or regulation. (State Dept. of Admin., etc. v. State Dept. of Adm., etc., 326 So.2d 187 (Fla. 1st DCA 1976)). Yet, the mere assertion of a constitutional right, such as (for example) the right of due process of law, in the absence of an assertion that deprivation results from a statute, rule or regulation, is not sufficient to invoke circuit court jurisdiction because in such instance an adequate and complete remedy lies in timely review under the Administrative Procedure Act.
Our sister court of the Third District in a well reasoned opinion authored by Judge Nathan, Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. 3rd DCA 1977), considered a somewhat similar case involving the constitutionality of a rule, and held that the circuit court properly retained jurisdiction to render a declaratory judgment. In that case the plaintiff was an employee of the Department of Transportation whose employment was terminated. He attempted to appeal his dismissal but was advised that a certain rule precluded appeal under the circumstances of his case. The circuit court held that a suit for declaratory judgment under chapter 86 was appropriate and that, inter alia, the due process clauses of the United States and the Florida Constitutions require a hearing prior to discharge where discharge is based on constitutionally or statutorily protected activities and that the plaintiff had been deprived of both due process and equal protection of the law. The appellant employer, DOT, contented that the employee's remedy was in the District Court of Appeal pursuant to the Administrative Procedure Act and not in circuit court under chapter 86. Judge Nathan, after discussing the relevant facts and applicable statutes observed:
"* * * In short, agency actions placed the plaintiff in a position where he was denied rights to which he was constitutionally entitled, and then foreclosed a reasonable remedy. Plaintiff's complaint stated sound constitutional and equitable grounds for relief and thus established a basis upon which to predicate jurisdiction in the circuit court under chapter 86, unless it can be said that the Administrative Procedure Act necessarily bars this remedy. Definitively stated, the issue in this case is whether the judicially created companion doctrines of primary jurisdiction and exhaustion of administrative remedies combine to make petition for review in the district court of appeals the sole remedy available when final agency action substantially affects the constitutional rights of a party." (350 So.2d at page 532)
Then followed an analysis of this court's opinions in Willis and Mitchell, with the court concluding:
"* * * Neither the Department of Administration nor its hearing officer would have had the power to declare the rule unconstitutional. State of Florida, Department of Administration, Division of Personnel v. State of Florida, Department of Administration, Division of Administrative Hearings, 326 So.2d 187 (1st DCA 1976), and cases cited therein.
"[2] Moreover, the separation of powers provision of the Florida Constitution, Article II, Section 3, stands as a permanent bar to administrative determination of fourteenth amendment problems. The Administrative Procedure Act cannot relegate matters of constitutional proportions to administrative agency resolution, nor can it impair judicial jurisdiction to determine constitutional disputes. Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976). See also Department of Revenue v. Crisp, 337 So.2d 404, 406 (Fla. 2d DCA 1976).
"[3] We admonish against attempts to evade appropriate review procedures by clothing claims for coercive relief in raiment of dubious constitutional dimensions in order to bootstrap such claims into subjects for declaratory decrees. Yet because the summary acts of state agencies and officials were sorely deficient in constitutionally guaranteed safeguards, because the harm done to plaintiff *115 was inordinate, and because nothing in the Administrative Procedure Act divests the circuit courts of jurisdiction to render declaratory judgments in the rare cases where such defects in due process exist, we hold that, under the facts of this case, jurisdiction to render a declaratory decree did lie in the circuit court under Chapter 86, and Section 120.73, Florida Statutes (1975)." (350 So.2d at pages 532, 533: emphasis added)
In Department of Revenue of Florida v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976), cited in Department of Transportation v. Morehouse, supra, Judge Smith, writing for this court, after observing that the complaining party had alleged violations of the due process clauses of the Florida and United States Constitutions, said:
"It is clear to us that the circuit court has jurisdiction to act and properly denied the motion to dismiss. * * *
"If as Builders contends the Rule is on its face unconstitutional by due process standards, there is no remedy for it in ch. 120, F.S. 1975. The Administrative Procedure Act could not and does not relegate Fourteenth Amendment questions to administrative determination, nor restrict the occasions for judicial consideration of them by reference in § 120.73 to ch. 86, F.S., nor otherwise impair the judicial function to determine constitutional disputes." (Citations omitted: emphasis added: 330 So.2d at page 865)
To the same effect is Adams Packing Association v. Florida Department of Citrus, 352 So.2d 569 (Fla. 2d DCA 1977) wherein that court, after discussing our Willis opinion, held jurisdiction to be properly in the circuit court in a case wherein the constitutionality of a regulation of the Department of Citrus was at issue.
The Supreme Court of Florida, in Department of Revenue v. Amrep Corp., 358 So.2d 1343 (Fla. 1978), considered a case involving the validity of a tax wherein the trial judge in a proceeding commenced under Chapter 86, Florida Statutes, declared the taxing statute there under attack to be unconstitutional on equal protection grounds. The Department of Revenue had taken the position via a motion to dismiss that the court lacked jurisdiction to hear the case because the taxpayer had failed to exhaust its administrative remedies under the Administrative Procedure Act. After recognizing the constitutional jurisdiction of circuit courts "`in all cases involving legality of any tax assessment or toll'" and reciting that by its very terms F.S. 120.73 provides that nothing in Chapter 120, Florida Statutes 1975, shall be construed to repeal any provision of the Florida Statutes which grants the right to a proceeding in the circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of Chapter 86, Florida Statutes 1975, the court went on to quote with approval that portion of this court's opinion in Department of Revenue of Florida v. Young American Builders hereinabove quoted, concluding: "We hold, therefore, that this action was properly cognizable before the circuit court."
In an even more recent opinion by the Supreme Court of Florida, Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., et al., 361 So.2d 695 (Fla. 1978) Case No. 53,378, Opinion filed May 25, 1978, that court recited that "as a general proposition, the circuit court should refrain from entertaining declaratory suits except in the most extraordinary cases, where the party seeking to bypass usual administrative channels can demonstrate that no adequate remedy remains available under Chapter 120". Nevertheless, though further reciting "that the mere assertion of constitutional questions should not automatically entitle a party to bypass administrative channels," the court held that under the facts of that case where the constitutionality of a statute was one of the issues involved it was "pointless to require applicants to endure the time and expense of full administrative proceedings * * *." Thus, without citing Department of Transportation v. Morehouse, supra, the Supreme Court appears to have reached the same conclusion as did the *116 Third District in that case via the same reasoning; sounding however essentially the same caveat.
Sub judice, the dismissed complaint merely alleged that both the Florida and United States constitutions "provides for substantive and procedural due process of law." Following that assertion is the statement: "However, defendant Comptroller has denied plaintiff's request for hearing." No statute, rule nor regulation, nor the application thereof is challenged; nor is there any allegation nor demonstration of inadequacy of administrative remedies under chapter 120.
The learned trial judge did not err in his order of dismissal. As to Case No. HH-33 we therefore also affirm.
McCORD, C.J., and MASON, ERNEST E., Associate Judge, concur.
NOTES
[1] In passing, we observe that it would be most helpful if state agencies would adopt rules of procedure to implement the Administrative Procedure Act. Here, the Department had given no notice of the application of The Exchange Bank of Temple Terrace for a branch bank, and it had not established a time limit for protesting parties to make known their protests. As a result, a hearing was requested by Carrollwood after the Department had given notice of approval of the application. Much confusion could be avoided by timely adoption of agency rules.