365 So.2d 432 (1978)
METROPOLITAN DADE COUNTY et al., Appellants,
v.
DEPARTMENT OF COMMERCE et al., Appellees.
No. 78-333.
District Court of Appeal of Florida, Third District.
December 19, 1978.
*433 Stuart L. Simon, County Atty. and Amy N. Dean, Asst. County Atty., for appellants.
Kenneth H. Hart, Jr., and Ollie L. Evans, Tallahassee, for appellees.
Before HENDRY, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
The appellants, plaintiffs below, Metropolitan Dade County, the Public Health Trust of Dade County, and the Miami-Dade Water & Sewer Authority, appeal from an order dismissing their complaint for declaratory judgment and injunctive relief. The complaint was dismissed with prejudice by the circuit court. We now affirm the order dismissing the complaint but remand with directions that the appellants be given an opportunity to amend their complaint to state a cause of action sufficient to accord the circuit court jurisdiction.
The sole issue is whether the circuit court had jurisdiction to entertain the appellants' complaint for declaratory relief from adverse administrative action. We hold that the declaratory judgment and injunctive remedy resorted to herein is applicable only in those extraordinary cases where a party has no other adequate administrative remedy to cure egregious agency errors or where a party's constitutional rights are endangered. In such instances the circuit court has jurisdiction to entertain appropriate declaratory and injunctive relief. Otherwise, the complaint should be dismissed without prejudice to the party's right to judicial review from final agency action.
This appeal began as a disagreement between Metro Dade County and its subordinate agencies, the Public Health Trust of Dade County and the Miami-Dade Water & Sewer Authority, on the one side (appellants), and the Florida Department of Commerce and certain of its officials (the Department), on the other. The controversy arose over certain payments allegedly due the Department from the appellants under the provisions of the Unemployment Compensation Law (Chapter 443, Florida Statutes 1977). Specifically, it was alleged that the Department required the appellants to pay unemployment compensation contributions for former employees in various situations in which no such contributions were authorized. Although the Department asserted that the contributions were required *434 under the provisions of Section 443.08(6), Florida Statutes (1977), the appellants denied that they were required to make any such unemployment compensation contributions under the law in these instances.
The appellants cited a number of examples in which they were required to make unemployment contributions for former employees not authorized by the law. These included cases in which: (1) the employee was still in the appellants' employment; (2) the employee was employed by one of the appellants but his account was improperly charged to another appellant; (3) the employee was employed under a federally funded program; (4) the employee's claim was disallowed by the Department after appeal; (5) the employee voluntarily resigned; (6) the employee was dismissed for misconduct detrimental to his employer; (7) the employee abandoned his unemployment compensation claim without notification to his employer; (8) the employee was never recently employed by any of the appellants; and (9) the employee prematurely filed his claim before separation from employment.
When no resolution was forthcoming after informal consultations between the parties, the appellants filed this action in the circuit court for a declaratory judgment and injunctive relief. Although Section 443.15, Florida Statutes (1977) expressly provided for administrative review of the Department's action, appellants chose not to pursue this avenue of relief and filed this suit instead. Had the appellants proceeded to final agency action, they would have been entitled to judicial review in the district court of appeal pursuant to Section 120.68, Florida Statutes (1977).
The Department moved to dismiss contending that the circuit court did not have jurisdiction to entertain the complaint, citing State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), and School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977). As a result, the circuit court found that the appellants had adequate and available administrative remedies under the Administrative Procedure Act (Chapter 120, Florida Statutes 1977) and the Unemployment Compensation Law (Chapter 443, Florida Statutes 1977) and dismissed the complaint with prejudice.[1] The appellants' petition for rehearing was denied and this appeal followed.
We believe that the circuit court was entirely correct in dismissing the complaint. However, we feel that the appellants should be afforded an opportunity to amend their complaint since it appears that a violation of their constitutional rights may have occurred. We are reluctant on the basis of the record before us to totally foreclose the appellants' opportunity to show constitutional error.
We have carefully read State ex rel. Department of General Service v. Willis and School Board of Leon County v. Mitchell (both cited above). We fully concur with the rationale so eloquently expressed in those opinions that in the vast majority of cases the sole method of challenging agency action is by a petition for review in the appropriate district court of appeal after all administrative remedies have been exhausted, when those remedies are available and adequate. We fully recognize that neither opinion totally precluded resort to the declaratory judgment remedy in those extraordinary cases: (a) where the agency errors complained of are so egregious or devastating that the promised administrative remedy is too little or too late; or (b) where circuit court jurisdiction is necessary to enjoin enforcement of facially unconstitutional agency rules. Willis, 344 So.2d at 590.
We are further reminded by this court's recent decision in Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. 3d DCA 1977), that the Administrative Procedure Act cannot relegate matters of constitutional proportions to administrative agency resolution nor can it impair judicial *435 jurisdiction to determine constitutional disputes. See Morehouse, 350 So.2d at 533 and cases cited therein. Moreover constitutional challenges to administrative agency actions are for the courts alone to determine and are not for administrative resolution. Adams Packing Association v. Florida Department of Citrus, 352 So.2d 569 (Fla. 2d DCA 1977). Cf. Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260 (Fla. 1973). The administrative agency is not generally the appropriate forum in which to consider questions of constitutional import. Myers v. Hawkins, 362 So.2d 926 (Fla. 1978).
Keeping these principles firmly in mind, we cannot state with certainty that appellants could not possibly show patently unconstitutional administrative action on the face of their declaratory complaint. The appellants contended in their complaint that they were deprived of due process by the actions of the Department. However inaptly drafted the complaint was, appellants should have been given an opportunity to set forth a constitutional issue sufficient to enable the circuit court to take jurisdiction.
We note that appellants never moved to amend their complaint contending instead that the necessary jurisdiction already existed. Nor have appellants seriously contended that the Department's errors have been so devastating that the administrative remedies would be too little and too late. They have buttressed their entire claim for declaratory relief on the ground that they have suffered from unconstitutional agency action. Their claim may have merit and should be further examined.
We hasten to add that we do not intend for the circuit court to obtain jurisdiction over a declaratory complaint against an administrative agency merely because there is a transparent constitutional claim contained therein. The mere assertion of constitutional questions should not automatically entitle a party to bypass administrative channels. Gulf Pines Memorial Park v. Oaklawn Memorial, 361 So.2d 695 (Fla. 1978). One who seeks a constitutional remedy has the duty of clearly and positively presenting the issue at the pleading stage and cannot simply hint at the issue in his complaint. State ex rel. Florida State Board of Nursing v. Santora, 362 So.2d 116 (Fla. 1st DCA 1978).
At most, that is what the appellants have done here. They have hinted at a constitutional question in their complaint by claiming that the Department's actions have violated due process of law under the Florida Constitution. Appellants must do much more than that. They must present a plain statement of the ultimate facts establishing the violation of their constitutional rights. The statement must be sufficiently detailed to establish constitutional violations on the face of the complaint. Only in such a case will the circuit court have jurisdiction.
Lest there be any misunderstanding of the burden we are placing upon the appellants, we reiterate Judge Nathan's words in Department of Transportation v. Morehouse, 350 So.2d at 533: "We admonish against attempts to evade appropriate review procedures by clothing claims for coercive relief in raiment of dubious constitutional dimensions in order to bootstrap such claims into subjects for declaratory decrees."
We therefore affirm the order dismissing the complaint but remand with directions to afford the appellants an opportunity to allege with particularity on the face of their complaint that the agency action complained of was obviously unconstitutional. If no such allegations are forthcoming, the complaint must be dismissed with prejudice.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] Although the circuit court's original order did not expressly dismiss the complaint with prejudice, a subsequent order denying the appellants' petition for rehearing recited that the original order dismissing the complaint with prejudice "shall remain".