STETTIN, HERBERT, Associate Judge.
The issue presented for review is whether declaratory judgment lies to compel compliance of an administrative agency to its own procedures.
Patricia Lewis applied to the Department of Health and Rehabilitative Services (HRS) for Aid to Families with Dependent Children (AFDC). On April 5, 1977, her application was rejected because she failed to supply HRS with information necessary to determine her eligibility. She requested an administrative hearing of this rejection on April 21, 1977, and on April 25, 1977, HRS acknowledged her hearing request by letter to her attorney, which stated:
“Pursuant to our telephone conversation of April 20, 1977 I want to re-emphasize to you, and through you to Ms. Lewis, that she has the right to re-apply while her hearing request is pending. I would encourage her to do so — particularly in view of the recent changes in her circumstances.”
Instead of reapplying for AFDC, thereby prolonging the time within which there would be a granting or denial of eligibility, Mrs. Lewis filed suit in Circuit Court for declaratory relief seeking:
1. (a) the right to submit to HRS current eligibility information at the time of redetermination;
(b) the right to compel HRS to use this current eligibility information at the time of redetermination;
2. an injunction requiring HRS to follow their own rules and procedures for fair hearings and redeterminations of eligibility; and
3. an injunction requiring HRS to pay AFDC benefits to her pending resolution of the suit.
*1044 HRS moved to dismiss the complaint on the ground, inter alia, that Mrs. Lewis had failed to exhaust her administrative remedies. The lower court denied the motion and Mrs. Lewis’s motion for temporary in-junctive relief. On motion for summary judgment the Court ruled:
“. . . that Plaintiff was an applicant for the public benefits administered by the Defendant, and that no redetermi-nation of Plaintiff’s eligibility was made because she was an applicant, it is thereupon
ORDERED AND ADJUDGED that Chapter 10-2.34(3) Florida Administrative Code entitled applicants for Aid to Families with Dependent Children to the procedural due process right of a redeter-mination of eligibility where a request for a hearing has been filed. The Florida Department of Health and Rehabilitative Services has no discretion to review and to redetermine upon the receipt of a request for a hearing from an applicant or recipient, but rather it is declared and hereby
ORDERED AND ADJUDGED that the Defendant, State of Florida, Department of Health and Rehabilitative Services, shall review an applicant’s or recipient’s situation upon receipt of request for a hearing, and shall make a determination of eligibility, based on current information, at or before the date of the requested hearing. It is further
ORDERED AND ADJUDGED that the foregoing declared rights are founded upon the Florida Constitution, Article I, Section 2. Basic Rights, and Section 9. Due Process, and therefore, the failure of the Defendant to follow the procedure mandated in Chapter 10 — 2.34 causes unnecessary delay which is tantamount to a deprivation of due process.”
It should be noted neither the complaint nor answer raised any question as to whether the HRS rules or regulations involved in this case were either facially unconstitutional, or unconstitutional as applied.
HRS believes the issue on appeal from this Summary Judgment is simply whether Mrs. Lewis’ failure to exhaust her administrative remedies precluded the circuit court from exercising jurisdiction. This begs the question, for there is a sizable body of recent case law which recognizes exceptions to the standard urged by HRS. In State ex rel. Department of General Services v. Willis, 344 So.2d 580 (Fla. DCA 1st 1977), Judge Smith exhaustively catalogued the judicial remedies available when the issue concerned administrative agency abuses. He concluded that passage of the 1974 Administrative Procedures Act, (amended in 1975), provided an “impressive arsenal of varied and abundant remedies for administrative error [which] requires judicial freshening of the doctrines of primary jurisdiction and exhaustion of remedies, and greater judicial deference to the legislative scheme.” 344 So.2d at 590. Cases where resort to the circuit court remained were those where the agency error was so egregious or devastating that the promised administrative remedy was too little or too late, and where the agency rule attacked was facially unconstitutional.
Willis was closely followed by School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. DCA 1st 1977), where Judge Boyer stated:
“. . . In the vast majority of cases, the sole method of challenging agency action, whether formally recognized as an ‘order’ or a ‘rule’ as it affects the substantial interests of a party is by petition for review to the appropriate District Court of Appeal. ... In those instances where there have been gross or flagrant abuses of power, or where such agencies have attempted to act beyond the powers delegated to them, the courts have unhesitatingly intervened. On the other hand, these agencies have been vested with powers and responsibilities in their field of operation by the legislative branch of the government. The courts have been extremely reluctant to interfere with the actions of such bodies in the proper performance of their duties and responsibilities in the absence of a clear and unmistakably flagrant violation of a constitutional or statutory right of the affected party.” 346 So.2d at 568.
*1045 See also Department of Transportation v. Morehouse, 350 So.2d 529 (Fla. DCA 3rd 1977), where a proceeding for declaratory decree attacking an administrative ruling was permitted because the complaint alleged constitutional grounds. The Court warned, however:
“We admonish against attempts to evade appropriate review procedures by clothing claims for coercive relief in raiment of dubious constitutional dimensions in order to bootstrap such claims into subjects for declaratory decrees. Yet because the summary acts of state agencies and officials were sorély deficient in constitutionally guaranteed safeguards, because the harm done to plaintiff was inordinate, and because nothing in the Administrative Procedure Act divests the circuit courts of jurisdiction to render declaratory judgments in the rare cases where such defects in due process exist, we hold that, under the facts of this case, jurisdiction to render a declaratory decree did lie in the circuit court under Chapter 86, and Section 120.73, Florida Statutes (1975),” 350 So.2d at 533.
A distinction between a proceeding essentially seeking a review of agency action, and one essentially seeking a determination of rights has also been used as a litmus in determining jurisdiction. In the former case, the Administrative Procedure Act controls, whereas in the latter, jurisdiction lies in the circuit court. Adams Packing Association v. Florida Department of Citrus, 352 So.2d 569 (Fla. DCA 2d 1977). See also Gulf Pines Memorial Park, Inc. v. Oakland Memorial Park, Inc., 361 So.2d 695 (Fla.1978).
In Carrollwood State Bank v. Lewis, 362 So.2d 110 (Fla. DCA 1st 1978), the court noted that if the administrative proceeding under attack refused to recognize substantial interests, or even to afford a hearing, the remedy is not by declaratory or injunc-tive relief in the Circuit Court, but rather by review (including appeal to the District Court of Appeal) as provided by Chapter 120 F.S., the Administrative Procedure Act. The exception to this scheme of review is when the action is assailed upon constitutional grounds, for that attack can only be made in the circuit court. But the bare assertion of constitutional rights generally is not enough to invoke circuit court jurisdiction, unless the right claimed, such as due process of law, can be directly shown to have been impaired by an administrative statute, rule, or regulation.
In sum, the fact that Mrs. Lewis claimed the right to require HRS to allow redeterminations of eligibility for AFDC during fair hearing proceedings, or even the right to compel HRS to comply with its own rules and regulations in handling such problems, is not a sufficient basis to invoke circuit court jurisdiction. No claim is made that HRS itself cannot remedy any illegality in its procedures or correct any error in the manner in which they are carried out. This being true, the trial court was in error in denying the motion to dismiss the complaint and in granting the motion for summary judgment. The proceedings are reversed and remanded with instructions to dismiss the complaint.
DOWNEY and BERANEK, JJ., concur.