399 So.2d 1038 (1981)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, State of Florida, Charles A. Nuzum, Appellants,
v.
Provende, Inc., D/B/a Club Alexandre, Appellee.
No. 81-273.
District Court of Appeal of Florida, Third District.
June 9, 1981.
*1039 William A. Hatch, Tallahassee, for appellants.
Donsky & Diner, Carhart & McGuirk, Sy Chadroff and S. Lane Abraham, for appellee.
Before BASKIN, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The Department of Business Regulation, Division of Alcoholic Beverages and Tobacco issued an emergency order suspending the liquor license of Provende, Inc., doing business as Club Alexandre. That same day, Provende petitioned the Dade County Circuit Court for injunctive relief asserting violation of due process and irreparable harm. The circuit court granted the temporary injunction staying the suspension of the license prior to a final administrative hearing. The Department appeals, challenging the jurisdiction of the circuit court to issue the injunction. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(B).
We hold that the circuit court improperly exercised its jurisdiction to issue temporary injunctive relief because in this case the petitioner has an adequate remedy at law in Sections 120.68(1), and (2), Florida Statutes *1040 (1979) and did not establish on the face of its petition for injunctive relief, the likelihood of success on the merits of its allegation of a due process violation.
Section 120.68(1), supra, provides that a preliminary, procedural, or intermediate agency action or ruling is immediately reviewable by the judiciary if review of the final agency decision would not provide an adequate remedy. Where the license of a party has been temporarily suspended pending a final agency hearing, the subsequent administrative hearing may come too late to remedy the potential effects of severe economic deprivation, loss of business, or professional reputation and loss of clients or customers caused by an alleged erroneous agency action. The likelihood of irreparable harm caused by license suspension actions was recognized by the legislature when it provided in Section 120.68(3), supra that upon petition to the district court of appeal:
"[I]f the agency decision has the effect of suspending or revoking a license, supersedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state." (emphasis added).
Petitioner's remedy here is a legal one of petition for review in the district court of appeal, Section 120.68(2), supra, which then activates the provisions of Section 120.68(3).
The jurisdiction of circuit courts to issue injunctive relief is granted by the Constitution of Florida by Article V, Section 20(c)(3) (amended 1972),[1] and this constitutional and historical grant of equity jurisdiction may not be eliminated by the Administrative Procedure Act, Chapter 120, Florida Statutes (1979). State, Department of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977). The need for granting that injunctive relief may, however, be changed by statutory creation of adequate administrative or legal remedies sanctioned by the constitution.[2] As the court in Willis, supra at 590, noted in citing from Adams and Miller, "Origins and Current Florida Status of the Extraordinary Writs," 4 U.Fla.L.Rev. 421, 464-65 (1951):
A new remedy created by statute does not infringe upon the extraordinary writs; it merely reduces the demand for them. Cutting into the scope or nature of the extraordinary writs by statute is one thing; creating an adequate remedy for a sector of the right-enforcement front formerly protected by these writs is another... . The writs are always ready to take over if the range of the new statutory cannon proves too short, because their own range cannot be varied otherwise than by amendment to the Florida Constitution.
While recognizing that the constitutional grants of equity jurisdiction to the circuit courts, as well as original jurisdiction to hear constitutional issues,[3] Art. V, § 5(b), Fla. Const. (amended 1972), cannot be changed by administrative enactment, Florida courts have required compliance with the statutory remedies, including those provided by the Administrative Procedure Act, by adopting certain prudential, i.e., judicial limitations as to when circuit courts may exercise the power to grant injunctive relief. Willis, supra. By petitioning for injunctive relief a petitioner is, in effect, asking the court to exercise jurisdiction and grant the requested relief. The circuit court must then consider these judicially *1041 created limitations in determining whether it may exercise jurisdiction for purposes of granting the requested relief. We note that every court has jurisdiction to hear and determine the question of its own jurisdiction. Sun Insurance Company v. Boyd, 105 So.2d 574 (Fla. 1958); Carter v. Dorman, 385 So.2d 740 (Fla.3d DCA 1980). To the extent that the judicially created limitations prevent a circuit court from exercising its power to grant an injunction in a certain case, it may not accept jurisdiction, and in this limited sense may be said to be without jurisdiction. See, e.g., 13 Fla.Jur.2d, Courts and Judges, §§ 22-25.
In deciding whether it may exercise the constitutional grant of jurisdiction to issue temporary injunctive relief, the court must decide whether the petitioner has established the elements which the courts have found necessary to the granting of injunctive relief: (a) the likelihood of irreparable harm, and the unavailability of an adequate remedy at law, (b) the substantial likelihood of success on the merits, (c) that the threatened injury to petitioner outweighs any possible harm to the respondent and, (d) that the granting of preliminary injunction will not deceive the public interest. See, e.g., Erskine v. West Palm Beach, 473 F. Supp. 48 (S.D.Fla. 1979); Jets Services, Inc. v. Hoffman, 420 F. Supp. 1300 (M.D.Fla. 1976); Oxford International Bank and Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54 (Fla.3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980); State, Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109 (Fla. 4th DCA 1977).
The test stated by this court in Metropolitan Dade County v. Department of Commerce, supra, and Willis, supra, is in effect the same test the courts have traditionally applied in deciding whether to exercise jurisdiction for the purpose of granting injunctive relief. The requirement to show that there is no adequate administrative remedy to cure egregious agency error where circuit court equity jurisdiction is sought to review actions of an administrative agency is, in effect, the same as the traditional requirement to show the likelihood of irreparable harm and the unavailability of an adequate remedy at law. The traditional requirement to establish substantial likelihood of success on the merits is, in effect, the same as the requirement to state ultimate facts sufficiently detailed to establish constitutional violation on the face of the complaint. See, e.g., Metropolitan Dade County, supra, at 435.[4]
It is not disputed here that Provende has an adequate remedy at law in appeal to the district court of appeal as provided by Section 120.68(2). Because, however, the constitution provides that the circuit courts have original jurisdiction to hear constitutional issues,[5] we must also address the question of whether Provende has demonstrated on the face of its petition for injunctive relief, the likelihood of success on the merits of his allegation of violation of procedural due process.[6] We find it *1042 has not. There is no requirement that a hearing be held prior to an emergency order suspending a license, Barry v. Barchi, 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979); Aurora Enterprises, Inc. v. State, Department of Business Regulation, 395 So.2d 604 (Fla.3d DCA 1981), and Provende's argument on appeal that there has been a delay in a subsequent hearing violating Provende's due process rights is irrelevant to the question of circuit court jurisdiction as it does not appear on the face of the petition. Although the circuit court has jurisdiction in the sense that the constitution grants it equity jurisdiction and original jurisdiction in cases involving constitutional violations, it lacked the power to issue the injunction because here there was no need for an equitable remedy and the judicially-created prerequisites were not satisfied.
Reversed.
NOTES
[1] See also Section 26.012(3), Florida Statutes (1979) providing that the circuit court may issue injunctions.
[2] Article V, Section 4(b)(2), Florida Constitution (amended 1972), provides that district courts of appeal shall have the power of direct review of administrative action as prescribed by general law.
[3] See Junco v. State Board of Accountancy, 390 So.2d 329, 331 (Fla. 1980) (the jurisdiction of the circuit court to resolve constitutional issues is unaffected by the Administrative Procedure Act.) See also Metropolitan Dade County v. Department of Commerce, 365 So.2d 432 (Fla.3d DCA 1978); Carrollwood State Bank v. Lewis, 362 So.2d 110 (Fla.3d DCA 1978); Department of Transportation v. Morehouse, 350 So.2d 529 (Fla.3d DCA 1977).
[4] We note that Metropolitan Dade County, supra, involved payments allegedly due the Department of Commerce from Dade County under the provisions of the Unemployment Compensation Law, Chapter 44, Florida Statutes, (1977) and not suspension of a license.
[5] Art. V, § 5(b), Fla. Const. (amended 1972). Willis, supra. See also cases cited at note 2, supra.
[6] We do not otherwise address this issue of jurisdiction between courts implied here, as it was not argued below. Accordingly, we do not decide whether there is any conflict between the constitutional grant of original jurisdiction to the circuit court to hear cases involving constitutional issues, Art. V, § 5(b), Fla. Const. (amended 1972), and the constitutional provision that the legislature may determine the extent of appellate court review of agency actions, Art. V, § 4(b)(2) Fla. Const. (amended 1972).

For the same reason we do not address the issue of whether Section 120.68(3) in providing for supersedeas as of right upon appeal to the district courts raises a presumption that irreparable harm occurs in license suspension cases which, in turn, necessarily implies a concomitant inference that the failure for a pre-suspension hearing renders the statute facially-unconstitutional in license suspension cases, or, alternatively, whether Section 120.68(3) by providing for pre-hearing relief, preserves the constitutionality of Chapter 120.