KAHN, Judge,
concurring specially
In this case the Union, CWA, has brought charges against the employer alleging unfair labor practices in violation of section 447.501, Florida Statutes (1995). The crux of these charges, according to the Union’s petitions, is that the City failed to bargain in good faith when it imposed terms and conditions of employment that waived the public employee’s right to workers’ compensation under chapter 440, and that the City failed to bargain in good faith when it imposed terms and conditions of employment that waived the public employee’s state and federal constitutional rights of due process, privacy, search and seizure, and equal protection. I do not see that resolution of the Union’s petitions necessarily requires PERC to engage in any sort of binding adjudication of the constitutionality of a Florida statute. I therefore agree that PERC erred in summarily dismissing the unfair labor practice charges.
In Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978), the supreme court considered an appeal of an order in which the circuit court held section 559.39(2), Florida Statutes (1977), unconstitutional as an invalid delegation of legislative authority. 361 So.2d at 696. On direct appeal to the supreme court, Gulf Pines argued that the circuit court lacked jurisdiction to consider Oaklawn’s suit because Oaklawn had not exhausted its administrative remedies under chapter 120. Concluding that the case was appropriate for circuit court consideration, the supreme court noted that an “administrative hearing officer lacks jurisdiction to consider constitutional issues,” citing Department of Revenue v. Young American Builders, 330 So.2d 864 (Fla. 1st DCA 1976).
In Young American Builders, this court had for review a circuit court order upholding its jurisdiction to determine the constitutionality of a Department of Revenue rule. The Department of Revenue took an appeal asserting that Young American Builders should have pursued an administrative remedy in its attack against the rule, and consequently that the circuit court lacked jurisdiction. 330 So.2d at 865. Holding that the circuit court properly exercised jurisdiction, this court observed, “if as Builders contends, the rule is on its face unconstitutional by due process standards, there is no remedy for it in ch. 120, F.S. (1975).” 320 So.2d at 865.
In both Gulf Pines and Young American Builders, a party subject to administrative regulation sought a binding declaration that a particular statute or rule was unconstitutional and unenforceable. I see no parallel between those situations and that arising in the present case in which CWA seeks rulings from PERC that the City has engaged in unfair labor practices by approving a drug testing program that allegedly diminishes bargaining unit members’ rights under chapter 440 and also certain of their constitutional rights. I do not see that our remand to PERC to hear these charges will require or allow PERC to engage in the prohibited activity of adjudicating the constitutionality of a statute. Because the matter before PERC is whether a public employer committed an un *172 fair labor practice, rather than whether CWA is entitled to particular relief beyond the confines of chapter 447, I agree that this matter must be remanded to PERC for further proceedings.